86 F.3d 1179
 NOTICE: Federal Circuit Local Rule 47.6(b) states that opinions and orders which are designated as not citable as precedent shall not be employed or cited as precedent. This does not preclude assertion of issues of claim preclusion, issue preclusion, judicial estoppel, law of the case or the like based on a decision of the Court rendered in a nonprecedential opinion or order.
Maenard BURGESS, Petitioner,
v.
UNITED STATES POSTAL SERVICE, Respondent.
Alvin A. DICKENS, Petitioner,
v.
UNITED STATES POSTAL SERVICE, Respondent.
Calvin J. HOLLEY, Petitioner,
v.
UNITED STATES POSTAL SERVICE, Respondent.
 Nos. 95-3795, 95-3804, 95-3794, 95-3799.
 United States Court of Appeals, Federal Circuit.
 May 22, 1996.
 
 Before ARCHER, C.J., and RICH and MAYER, Circuit Judges.
 
 DECISION
 
 1
 Maenard Burgess (Burgess), Alvin A. Dickens (Dickens), Calvin J. Holley (Holley), and Leroy Johnson (Johnson) separately petition for judicial review of the decision of the Merit Systems Protection Board (MSPB or board), dismissing their consolidated appeal for lack of jurisdiction. Burgess v. United States Postal Serv., Nos. NY-0752-94-0399-I-1, NY-0752-94-0398-I-1, NY-0752-94-0400-I-1, NY-0752-94-0397-I-1, and NY-0752-94-0470-I-1 (MSPB 1995). Because petitioners seek review of a single final decision of the MSPB, these petitions to this court are consolidated for purposes of judicial review. We affirm.
 
 DISCUSSION
 
 2
 Burgess, Dickens, Holley, and Johnson were preference eligible employees who held supervisory positions with the United States Postal Service (USPS) in New York, New York. During the nationwide restructuring of the USPS in 1992 and 1993, the petitioners' positions were eliminated, but they were assured that they would be reassigned without a reduction in pay or grade but possibly to a different geographic location. In lieu of geographic reassignment, the petitioners were afforded the opportunity to participate in an incentive program under which they could receive cash payments for accepting bargaining unit (craft) positions. Each of the petitioners decided to participate in this "return-to-craft" program, under which each received an offer of assignment to a craft position, coupled with an incentive cash payment which was accepted.
 
 
 3
 Following the issuance of Di Pietro v. United States Postal Service, 58 M.S.P.R. 430 (1993), and Brown v. United States Postal Service, 58 M.S.P.R. 345 (1993), the petitioners appealed to the MSPB alleging that their assignments to craft positions constituted constructive demotions and that their participation in the return-to-craft program was involuntary. In an initial decision, the administrative judge (AJ) agreed and, therefore, held that the petitioners were entitled to appeal to the MSPB. On review by the full board, the initial decision was vacated and the appeal was dismissed for lack of jurisdiction.
 
 
 4
 We review the board's jurisdictional conclusion de novo. King v. Reid, 59 F.3d 1215, 1217 (Fed.Cir.1995). In other respects, including the board's underlying factual findings, we review the decision under the statutory standard to determine if it is arbitrary, capricious, an abuse of discretion, or otherwise not in accordance with law; procedurally defective; or unsupported by substantial evidence. 5 U.S.C. § 7703(c) (1994); Cheeseman v. Office of Personnel Management, 791 F.2d 138, 140 (Fed.Cir.1986), cert. denied, 479 U.S. 1037 (1987).
 
 
 5
 The facts and legal arguments in these consolidated appeals mirror those presented in Torain v. United States Postal Service, No. 95-3805 (Fed.Cir. May 16, 1996). In that case, we concluded that an employee could not appeal a reassignment to a craft position as a demotion because, at the time that the employee decided to participate in the program, no demotion or other assignment of the employee had occurred. Consequently, no appeal rights had accrued. Moreover, the employee was likely under the USPS restructuring to be reassigned without any reduction of pay or grade although perhaps to a different geographic location. These consolidated appeals present the same legal issue on the same facts for each petitioner and are therefore affirmed on the authority of Torain v. United States Postal Service.