# UNITED STATES OF AMERICA
## MERIT SYSTEMS PROTECTION BOARD

RENATA M. LACHIEWICZ,
          Appellant,

       v.

DEPARTMENT OF HOMELAND
   SECURITY,
          Agency.

DOCKET NUMBER
PH-0752-10-0490-C-1

DATE: August 28, 2014

# THIS FINAL ORDER IS NONPRECEDENTIAL[1]

Renata M. Lachiewicz, Chicago, Illinois, pro se.

Laura J. Carroll, South Burlington, Vermont, for the agency.

## BEFORE

Susan Tsui Grundmann, Chairman
Anne M. Wagner, Vice Chairman
Mark A. Robbins, Member

## FINAL ORDER

¶1      The appellant has filed a petition for review of the compliance initial decision, which denied her petition for enforcement of a settlement agreement. Generally, we grant petitions such as this one only when: the initial decision contains erroneous findings of material fact; the initial decision is based on an

---

[1] A nonprecedential order is one that the Board has determined does not add significantly to the body of MSPB case law. Parties may cite nonprecedential orders, but such orders have no precedential value; the Board and administrative judges are not required to follow or distinguish them in any future decisions. In contrast, a precedential decision issued as an Opinion and Order has been identified by the Board as significantly contributing to the Board's case law. See 5 C.F.R. § 1201.117(c).

erroneous interpretation of statute or regulation or the erroneous application of the law to the facts of the case; the judge's rulings during either the course of the appeal or the initial decision were not consistent with required procedures or involved an abuse of discretion, and the resulting error affected the outcome of the case; or new and material evidence or legal argument is available that, despite the petitioner's due diligence, was not available when the record closed. *See* Title 5 of the Code of Federal Regulations, section 1201.115 (5 C.F.R. § 1201.115). After fully considering the filings in this appeal, and based on the following points and authorities, we conclude that the petitioner has not established any basis under section 1201.115 for granting the petition for review. Therefore, we DENY the petition for review and AFFIRM the initial decision, which is now the Board's final decision. 5 C.F.R. § 1201.113(b).

¶2 The appellant filed an appeal with the Board challenging her removal from her position as an Immigration Services Officer with the U.S. Citizenship and Immigration Services. *See Lachiewicz v. Department of Homeland Security*, MSPB Docket No. PH-0752-10-0490-I-1 (I-1), Initial Appeal File (IAF), Tab 1. During the appeal process, the parties executed a settlement agreement. *Lachiewicz*, PH-0752-10-0490-C-1 (C-1), Compliance File (CF), Tab 3 at 15-18. Under the relevant terms of the settlement, the appellant agreed to resign and dismiss her Board appeal with prejudice to refiling.[2] *Id*. at 16. In addition, the agency agreed to reverse her removal "and expunge any reference thereto (with the exception of [the] settlement agreement)" from her Official Personnel File. *Id*. The agreement also contained a provision stating that: "[n]othing in this agreement will be construed to constitute a confidentiality clause and agency employees will respond truthfully if questioned as part of a background investigation or any other review of the appellant's suitability for employment."

---

[2] The appellant also agreed to settle all of her complaints and appeals against the agency based on any matters that occurred prior to the execution of the settlement agreement. CF, Tab 3 at 16-17.

*Id.* By signing the agreement, the appellant acknowledged that she read and understood the agreement, she entered into the agreement "freely and voluntarily," and that the agency "made no threats or used any coercion of any kind to induce the appellant to enter into [the] Settlement Agreement." *Id.* at 17. On August 25, 2010, the administrative judge assigned to the removal appeal issued an initial decision dismissing the appeal as settled, and he entered the agreement into the record for enforcement purposes. *See* IAF, Tab 19, Initial Decision.

¶3     On December 14, 2012, the appellant filed a petition for review of the initial decision that dismissed her appeal as settled, alleging that she signed the settlement agreement under duress and that the agency failed to comply with the agreement. I-1, Petition for Review (PFR) File, Tab 1. The Board dismissed her petition for review as untimely filed and forwarded her allegations of noncompliance to the Northeastern Regional office for further adjudication as a petition for enforcement. *Id.*, Final Order (Sep. 30, 2013). The Board docketed the appellant's petition for enforcement on October 17, 2013. CF, Tab 1.

¶4     In her compliance action, the appellant alleged that the agency breached the settlement agreement based on: (1) the agency's alleged delay in paying the appellant for the period she was placed on administrative leave—May 29, 2010, to August 1, 2010; (2) the agency's alleged failure to expunge references to the removal action from the appellant's Official Personnel File (OPF); and (3) the agency's refusal to fully fill out a Verification of Employment form for the Illinois Private Investigators License. CF, Tab 12 at 1-2; *see* I-1, PFR File, Tab 1 at 7-8. The appellant also challenged the validity of the settlement agreement, arguing that the agency coerced her into signing the agreement and that the administrative judge who dismissed her appeal as settled was biased. CF, Tab 8 at 4, Tab 9 at 4.

¶5    The administrative judge assigned to the appellant's compliance action denied the appellant's petition for enforcement.[3]  CF, Tab 14, Compliance Initial Decision (CID) at 6.  The administrative judge found that the appellant did not dispute that she was aware of alleged breaches 1 and 2 before she filed her December 2012 petition for enforcement, and she provided no explanation for her lengthy delay in bringing those compliance issues to the Board.  CID at 4.  Based on his finding that the appellant did not raise those two compliance issues within a "reasonable period," the administrative judge dismissed those compliance issues as untimely.[4]  CID at 4-5.

¶6    The administrative judge further found that the third alleged compliance issue was timely; however, he found that the agency did not breach the agreement by refusing to attest to the appellant's "honesty, truthfulness, [and] integrity" on the Verification of Employment form.  CID at 6.  The administrative judge found that the settlement agreement provided that the agency would answer truthfully if questioned as part of a background investigation or any review of the appellant's suitability for employment, and the appellant admitted on multiple occasions that she made a false statement to Border Patrol agents, although she attempted to recant her admission.[5]  CID at 5.  Based on the foregoing, the administrative judge found that the appellant did not meet her burden of proving "that the agency's failure to fill out the [Verification of Employment] form to her

---

[3] The administrative judge who presided over the appellant's removal appeal was also assigned to the appellant's compliance action.  CF, Tab 10 at 1.  Subsequently, at the administrative judge's request, the Chief Judge reassigned the appellant's compliance action to the administrative judge who issued the compliance initial decision before the Board on review.  *Id*.; CF, Tab 11.

[4] In reaching his decision, the administrative judge noted, based on the record, that the agency paid the appellant for her administrative leave in March 2011 and expunged the documents reflecting the removal action on or about February 17, 2012.  CID at 4; *see* CF, Tab 3, Exhibits 3-12.

[5] The appellant admitted that she falsely informed Border Patrol agents that she had seen the visa and passport documents of the illegal alien with whom she lived and subsequently married.  CF, Tab 3 at 11, 66.

satisfaction" breached the settlement agreement. CID at 6. In reaching his decision, the administrative judge also noted that the appellant's arguments challenging the validity of the settlement agreement were outside the purview of her petition for enforcement. CID at 4 n.3.

¶7 The appellant has filed a petition for review of the compliance initial decision, and the agency has responded in opposition to her petition. C-1, PFR File, Tabs 1, 3. On review, the appellant challenges the administrative judge's findings regarding compliance and asks the Board to reopen her case or return her to work. *Id.*, Tab 1 at 11. The appellant also challenges the finding of the administrative judge that two of her allegations of noncompliance were untimely. *Id*. at 8-9. The appellant argues the merits of the rescinded removal, and she asks the Board to consider her allegations of discrimination, nepotism, harassment, and retaliation. *Id*. at 9-12. In addition, the appellant reasserts her challenge to the validity of the settlement agreement based on alleged coercion by the agency, bias by the administrative judge, and denial of due process. *Id*. at 4.

¶8 The Board will enforce a settlement agreement that was entered into the record in the same manner as a final Board decision or order. *Allen v. Department of Veterans Affairs*, 112 M.S.P.R. 659, ¶ 7 (2009). Where the appellant alleges noncompliance with a settlement agreement, the agency must produce relevant material evidence of its compliance with the agreement, or show that there was good cause for noncompliance. *Id*. (citation omitted). The ultimate burden, however, remains with the appellant to prove breach by a preponderance of the evidence. *Id*.

¶9 The appellant's arguments on review present no reason to disturb the compliance initial decision denying her petition for enforcement. The agency did not violate the settlement agreement by refusing to complete part of a Verification of Employment form asking the agency to certify that the appellant established, to the agency's satisfaction, honesty, truthfulness, integrity and competency. CF, Tab 3 at 6, 66. The parties' agreement explicitly stated that the

agency would truthfully respond to questions in background investigations or any review of the appellant's suitability for employment. *Id*. at 16. The agency stated that it could not affirmatively complete the part of the Verification of Employment form referenced above because the appellant admittedly lied to a Border Patrol agency regarding the immigration status of her boyfriend. *Id*. at 16, 66. Although the appellant subsequently attempted to recant her admission that she lied to Border Patrol agents, the appellant has not proven that the agency violated the settlement agreement by failing to complete the Verification of Employment form in its entirety.[6] CF, Tab 3 at 66, Tab 5 at 8.

¶10 The appellant also challenges the administrative judge's finding that some of her allegations of noncompliance were untimely. For the first time on review, she argues that her filing delay was reasonable because "bureaucratic processing takes time." C-1, PFR File, Tab 1 at 8-9. In support of her argument, she states that she made at least three Freedom of Information Act requests for her Standard Form 50 personnel action form, and the search results did not match what she received from the agency's human resources department. *Id*. at 9. She also states that "[s]he was trying to be patient and to work with the agency, but they were procrastinating with replies." *Id*.

¶11 In adjudicating the appellant's compliance action, the administrative judge issued an order informing the appellant of the timeliness issue and afforded her more than one opportunity to show that there was good cause for her filing delay. CF, Tab 7 at 3-4, Tab 10 at 1, 3. In responding to the orders on timeliness, the appellant did not raise any of the arguments she raised on review, and she does not explain her failure to do so. *See* CF, Tabs 9, 13. Because the appellant has not shown that she based her timeliness arguments on new and material evidence not previously available despite the party's due diligence, the Board will not

---

[6] The agency partially completed the Verification of Employment form by providing information about the appellant's position and dates of employment. CF, Tab 3 at 6, 62, 64.

consider them.  *Banks v. Department of the Air Force*, 4 M.S.P.R. 268, 271 (1980).

¶12      On review, the appellant also challenges the merits of the rescinded removal action and asks the Board to consider her allegations of discrimination, nepotism, and harassment.  C-1, PFR File, Tab 1 at 9-12.  However, once a settlement agreement is entered into the record, the original appealable action is withdrawn or dismissed.  *See King v. Reid*, 59 F.3d 1215, 1218 (Fed. Cir. 1995).  The Board retains jurisdiction over a settlement agreement made part of the record pursuant to its power under 5 U.S.C. § 1204(a)(2) to enter and enforce its own orders. *King*, 59 F.3d at 1218.  The Board lacks jurisdiction to hear the appellant's claims regarding the merits of the rescinded removal and her related allegations of discrimination, nepotism, and harassment, in connection with a petition for enforcement of a settlement agreement.  *See generally Walker-King v. Department of Veterans Affairs*, 119 M.S.P.R. 414, ¶ 15 (2013) (the Board lacks jurisdiction to hear pendent discrimination claims in connection with a petition for enforcement of a settlement agreement) (citing *King*, 59 F.3d at 1219; *Diehl v. U.S. Postal Service*, 82 M.S.P.R. 620, ¶ 11 (1999)).

¶13      Lastly, the Board will not consider the appellant's arguments challenging the validity of the settlement agreement.  C-1, PFR File, Tab 1 at 4-5; CID at 4 n.3; CF, Tab 7 at 3.  The appellant previously attacked the validity of the settlement agreement in her petition for review of the initial decision that dismissed her appeal as settled.  I-1, PFR File, Tab 1.  The Board dismissed the appellant's petition for review as untimely and forwarded only her allegations of noncompliance to the Northeastern Regional Office, for further adjudication as a petition for enforcement.  *Id*., Final Order.  Accordingly, we agree with the administrative judge's finding that the appellant's allegations challenging the validity of the settlement agreement are not properly before the Board.  CID at 4 n.3; CF, Tab 7 at 1-2.

## NOTICE TO THE APPELLANT REGARDING
## YOUR FURTHER REVIEW RIGHTS

You have the right to request review of this final decision by the United States Court of Appeals for the Federal Circuit.  You must submit your request to the court at the following address:

United States Court of Appeals
for the Federal Circuit
717 Madison Place, N.W.
Washington, DC 20439

The court must receive your request for review no later than 60 calendar days after the date of this order.  *See* 5 U.S.C. § 7703(b)(1)(A) (as rev. eff. Dec. 27, 2012).  If you choose to file, be very careful to file on time.  The court has held that normally it does not have the authority to waive this statutory deadline and that filings that do not comply with the deadline must be dismissed.  *See Pinat v. Office of Personnel Management*, 931 F.2d 1544 (Fed. Cir. 1991).

If you need further information about your right to appeal this decision to court, you should refer to the federal law that gives you this right.  It is found in Title 5 of the United States Code, section 7703 (5 U.S.C. § 7703) (as rev. eff. Dec. 27, 2012).  You may read this law as well as other sections of the United States Code, at our website, http://www.mspb.gov/appeals/uscode.htm. Additional information is available at the court's website, www.cafc.uscourts.gov. Of particular relevance is the court's "Guide for Pro Se Petitioners and Appellants," which is contained within the court's Rules of Practice, and Forms 5, 6, and 11.

If you are interested in securing pro bono representation for your court appeal, you may visit our website at http://www.mspb.gov/probono for a list of attorneys who have expressed interest in providing pro bono representation for Merit Systems Protection Board appellants before the court.  The Merit Systems

Protection Board neither endorses the services provided by any attorney nor warrants that any attorney will accept representation in a given case.


FOR THE BOARD:                    _____
                                  William D. Spencer
                                  Clerk of the Board

Washington, D.C.