# UNITED STATES OF AMERICA
# MERIT SYSTEMS PROTECTION BOARD

SILVESTRE CAHUE,
                    Appellant,

              v.

DEPARTMENT OF VETERANS
     AFFAIRS,
                    Agency.

DOCKET NUMBER
CH-3443-13-0614-C-1

DATE: August 5, 2015

# THIS FINAL ORDER IS NONPRECEDENTIAL[1]

Silvestre Cahue, Chicago, Illinois, pro se.

Kevin J. Gaffney, Hines, Illinois, for the agency.

## BEFORE

Susan Tsui Grundmann, Chairman
Mark A. Robbins, Member

## FINAL ORDER

¶1      The appellant has filed a petition for review of the compliance initial decision, which denied his petition for enforcement of a settlement agreement. Generally, we grant petitions such as this one only when:  the compliance initial decision contains erroneous findings of material fact; the compliance initial

---

[1] A nonprecedential order is one that the Board has determined does not add significantly to the body of MSPB case law.  Parties may cite nonprecedential orders, but such orders have no precedential value; the Board and administrative judges are not required to follow or distinguish them in any future decisions.  In contrast, a precedential decision issued as an Opinion and Order has been identified by the Board as significantly contributing to the Board's case law.  See 5 C.F.R. § 1201.117(c).

decision is based on an erroneous interpretation of statute or regulation or the erroneous application of the law to the facts of the case; the judge's rulings during either the course of the appeal or the compliance initial decision were not consistent with required procedures or involved an abuse of discretion, and the resulting error affected the outcome of the case; or new and material evidence or legal argument is available that, despite the petitioner's due diligence, was not available when the record closed. *See* Title 5 of the Code of Federal Regulations, section 1201.115 (5 C.F.R. § 1201.115). After fully considering the filings in this appeal, and based on the following points and authorities, we conclude that the petitioner has not established any basis under section 1201.115 for granting the petition for review. Therefore, we DENY the petition for review and AFFIRM the compliance initial decision, which is now the Board's final decision. 5 C.F.R. § 1201.113(b).

## BACKGROUND

¶2        The appellant filed an appeal with the Board challenging his removal. *See Cahue v. Department of Veterans Affairs*, MSPB Docket No. CH-3443-13-0614-I-1, Initial Appeal File (IAF), Tab 1. While the appeal was pending before the administrative judge, the parties executed a settlement agreement. IAF, Tab 39. In the settlement agreement, the agency agreed to: (1) cancel the appellant's removal; (2) restore him to the position of Voluntary Services Specialist with back pay; and (3) reassign his duty station in order for him to complete the remaining 180 days of training required by the Technical Career Field (TCF) program in which he had been a participant. *Id.* at 2. The agreement further stated that, at the end of the 180 days, the appellant "may be non-competitively placed" in a position with the agency, contingent upon meeting the time in grade and qualification requirements. *Id.* However, the agreement stated that final placement was "ultimately the responsibility" of the appellant; he would be responsible for scheduling interviews, applying for positions, and coordinating

final placement. *Id.* The administrative judge issued an initial decision dismissing the appeal as settled and entering the agreement into the record for purposes of enforcement. IAF, Tab 40, Initial Decision.

¶3        The appellant filed a petition for enforcement of the settlement agreement. *Cahue v. Department of Veterans Affairs*, MSPB Docket No. CH-3443-13-0614-C-1, Compliance File (CF), Tab 1. He stated that, although he had been reinstated, there were "questions concerning the terms of decision" and that he was requesting a "redress for verification of agreement." *Id*. To show compliance with the settlement agreement, the agency submitted Standard Form 50s documenting the cancellation of the appellant's removal and his reassignment, payroll records showing that the appellant had received the agreed-upon amount in backpay, and copies of communications concerning its efforts to find the appellant a placement after he completed training. CF, Tab 3, Exhibits D-E.

¶4        In her compliance initial decision, the administrative judge found that the agency complied with the settlement agreement terms and that the appellant failed to meet his burden of demonstrating the agency's breach. CF, Tab 9, Compliance Initial Decision (CID) at 5. Specifically, the administrative judge found that the only possible disputed issue was whether the agency found the appellant a position once he completed his training. CID at 4. However, she found that, under the plain meaning of the settlement terms, the appellant was "clearly and unambiguously . . . responsible for locating a post-training position" and that there was "no absolute requirement" that the agency place the appellant in a position after he completed training. *Id.*

¶5        The appellant has filed a timely petition for review and submitted a large number of documents. [2] Petition for Review (PFR) File, Tab 1. The appellant

---

[2] Some of the documents that the appellant submits for the first time on review, such as certain email communications, came about after the February 2015 compliance initial decision. However, the appellant has not shown how the documents relate to the issue

asserts that "documents were held back" by the agency and also appears to assert that the agency retaliated and discriminated against him. *Id.* at 4-5. Therefore, the appellant requests that the Board enforce the settlement agreement and award him back pay and monetary damages. *Id*. at 6. The agency has responded in opposition to the petition for review. PFR File, Tab 4.

## DISCUSSION OF ARGUMENTS ON REVIEW

¶6 The Board will enforce a settlement agreement that was entered into the record in the same manner as a final Board decision or order. *Allen v. Department of Veterans Affairs*, 112 M.S.P.R. 659, ¶ 7 (2009), *aff'd*, 420 F. App'x 980 (Fed. Cir. 2011). Where the appellant alleges noncompliance with a settlement agreement, the agency must produce relevant material evidence of its compliance with the agreement, or show that there was good cause for noncompliance. *Id*. The ultimate burden, however, remains with the appellant to prove breach by a preponderance of the evidence.[3] *Id*.

¶7 The appellant's arguments on review present no reason to disturb the compliance initial decision. The record reflects the agency's efforts to assist the appellant in finding a position after the end of the TCF training program. *See, e.g.*, CID, Tab 1, Tab 3, Exhibit C. However, according to the settlement agreement, while the appellant "*may* be non-competitively placed," he was ultimately responsible for his placement. IAF, Tab 39 at 2 (emphasis added). Accordingly, we agree with the administrative judge that the appellant did not show that the agency breached the settlement agreement by failing to place him in a position upon completion of the TCF program. *See* CID at 4-5.

of the agency's compliance with the settlement agreement and we therefore need not consider them. *See Russo v. Veterans Administration*, 3 M.S.P.R. 345, 349 (1980). Even if we did consider this evidence, however, it would not affect our disposition of the appeal.

[3] A preponderance of the evidence is the degree of relevant evidence that a reasonable person, considering the record as a whole, would accept as sufficient to find that a contested fact is more likely to be true than untrue. 5 C.F.R. § 1201.4(q).

¶8        To the extent that the appellant alleges on review that the agency discriminated and retaliated against him, PFR File, Tab 1 at 5, we do not consider these allegations because the Board lacks jurisdiction to hear discrimination claims in connection with a petition for enforcement of a settlement agreement, *see King v. Reid*, 59 F.3d 1215, 1218-19 (Fed. Cir. 1995).  Additionally, although the appellant has requested an award of back pay, PFR File, Tab 1 at 6, payroll records reflect that he already received the award of back pay outlined in the settlement agreement, CF, Tab 3, Exhibit E, and we find no basis upon which to award additional back pay.  Finally, regarding the appellant's request for various monetary damages, the Board has no authority to award damages for a breach of a settlement agreement.  *See Allison v. Department of Transportation*, 111 M.S.P.R. 62, ¶ 18 n.3 (2009).

## NOTICE TO THE APPELLANT REGARDING
## YOUR FURTHER REVIEW RIGHTS

You have the right to request review of this final decision by the United States Court of Appeals for the Federal Circuit.  You must submit your request to the court at the following address:

United States Court of Appeals
for the Federal Circuit
717 Madison Place, N.W.
Washington, DC 20439

The court must receive your request for review no later than 60 calendar days after the date of this order.  *See* 5 U.S.C. § 7703(b)(1)(A) (as rev. eff. Dec. 27, 2012).  If you choose to file, be very careful to file on time.  The court has held that normally it does not have the authority to waive this statutory deadline and that filings that do not comply with the deadline must be dismissed. *See Pinat v. Office of Personnel Management*, 931 F.2d 1544 (Fed. Cir. 1991).

If you need further information about your right to appeal this decision to court, you should refer to the federal law that gives you this right.  It is found in

Title 5 of the United States Code, section 7703 (5 U.S.C. § 7703) (as rev. eff. Dec. 27, 2012). You may read this law as well as other sections of the United States Code, at our website, http://www.mspb.gov/appeals/uscode.htm. Additional information is available at the court's website, www.cafc.uscourts.gov. Of particular relevance is the court's "Guide for Pro Se Petitioners and Appellants," which is contained within the court's Rules of Practice, and Forms 5, 6, and 11.

If you are interested in securing pro bono representation for an appeal to the United States Court of Appeals for the Federal Circuit, you may visit our website at http://www.mspb.gov/probono for information regarding pro bono representation for Merit Systems Protection Board appellants before the Federal Circuit. The Merit Systems Protection Board neither endorses the services provided by any attorney nor warrants that any attorney will accept representation in a given case.

FOR THE BOARD:                         _____
                                       William D. Spencer
                                       Clerk of the Board

Washington, D.C.