**UNITED STATES OF AMERICA**
**MERIT SYSTEMS PROTECTION BOARD**

| | |
|---|---|
| DONNA JOHNSTON,<br>                    Appellant, | DOCKET NUMBER<br>DA-0432-16-0022-I-1 |
| v. | |
| DEPARTMENT OF THE NAVY,<br>                    Agency. | DATE: August 19, 2016 |

# THIS FINAL ORDER IS NONPRECEDENTIAL[1]

Donna Johnston, Saginaw, Texas, pro se.

Bob D. Brown, Esquire, Jacksonville, Florida, for the agency.

Steven P. Hester, Esquire, Pensacola, Florida, for the agency.

## BEFORE

Susan Tsui Grundmann, Chairman
Mark A. Robbins, Member

## FINAL ORDER

¶1 The appellant has filed a petition for review of the initial decision, which dismissed her termination appeal for lack of jurisdiction. Generally, we grant petitions such as this one only when: the initial decision contains erroneous findings of material fact; the initial decision is based on an erroneous

---

[1] A nonprecedential order is one that the Board has determined does not add significantly to the body of MSPB case law. Parties may cite nonprecedential orders, but such orders have no precedential value; the Board and administrative judges are not required to follow or distinguish them in any future decisions. In contrast, a precedential decision issued as an Opinion and Order has been identified by the Board as significantly contributing to the Board's case law. *See* 5 C.F.R. § 1201.117(c).

interpretation of statute or regulation or the erroneous application of the law to the facts of the case; the administrative judge's rulings during either the course of the appeal or the initial decision were not consistent with required procedures or involved an abuse of discretion, and the resulting error affected the outcome of the case; or new and material evidence or legal argument is available that, despite the petitioner's due diligence, was not available when the record closed. *See* title 5 of the Code of Federal Regulations, section 1201.115 (5 C.F.R. § 1201.115). After fully considering the filings in this appeal, we conclude that the petitioner has not established any basis under section 1201.115 for granting the petition for review. Therefore, we DENY the petition for review and AFFIRM the initial decision, which is now the Board's final decision. 5 C.F.R. § 1201.113(b).

## BACKGROUND

¶2      The agency terminated the appellant from her NF-04 Fitness Director position with the Morale, Welfare, and Recreation (MWR) Department at Naval Air Station (NAS), Fort Worth, Texas for unsatisfactory performance. Initial Appeal File, Tab 1 at 17‑23. The appellant's removal letter shows that MWR is a nonappropriated fund (NAF) instrumentality, and the letter informed her that she may either appeal her removal to the Executive Officer of NAS Fort Worth or through the equal employment opportunity (EEO) process. *Id.* The appellant subsequently filed this Board appeal, and the agency moved to dismiss it for lack of jurisdiction, arguing that, because the appellant is an NAF employee, the Board lacks jurisdiction over her termination. IAF, Tabs 1, 5. The appellant responded in opposition, and the administrative judge issued a show cause order in which he gave the appellant notice that the Board lacks jurisdiction over adverse actions of NAF employees and ordered her to file evidence and argument to show why the appeal should therefore not be dismissed. IAF, Tabs 6, 8. The appellant responded that the constitutional protections of the Fifth Amendment to

the U.S. Constitution provide her a right to file a Board appeal of her termination and that the agency's internal appeal policies fail to provide the protections required by the due process clause of the Fifth Amendment.  IAF, Tab 9.

¶3    As noted above, the administrative judge dismissed the appeal for lack of jurisdiction, finding that the appellant failed to allege nonfrivolous facts that, if true, would establish Board jurisdiction over her appeal.  IAF, Tab 10, Initial Decision (ID).  In her petition for review, the appellant reiterates her contention that the Board has jurisdiction over her appeal because 5 U.S.C. § 1204(a)(1) gives the Board authority to adjudicate matters arising under title 5, title 38, chapter 43, and "any other law, rule or regulation."  Petition for Review (PFR) File, Tab 1 at 4.  The agency responds in opposition, and the appellant replies. PFR File, Tabs 3‑4.

## DISCUSSION OF ARGUMENTS ON REVIEW

¶4    The record reflects that the appellant is an NAF employee.  IAF, Tab 1 at 15-23.  The Board's jurisdiction is limited to those matters over which it has been given jurisdiction by law, rule, or regulation.  *Maddox v. Merit Systems Protection Board*, 759 F.2d 9, 10 (Fed. Cir. 1985).  The Board has long held that 5 U.S.C. § 2105(c) precludes the Board from exercising jurisdiction over appeals under chapter 75 of title 5 from NAF employees under 5 U.S.C. § 7513(d).  *E.g.*, *Clark v. Army & Air Force Exchange Service*, 57 M.S.P.R. 43, 44-45 (1993) (finding that because NAF employees are excluded from the definition of "employee" set forth in 5 U.S.C. § 2105(c), 5 U.S.C. § 7513(d) does not provide them with a right to appeal adverse actions); *Taylor v. Department of the Navy*, 1 M.S.P.R. 591, 592-96 (1980).  Although the Board may have jurisdiction over the denial of veterans' preference to an NAF employee under 5 U.S.C. § 3330a if the NAF is integrated into the Department of Defense's civilian personnel system, *see Willingham v. Department of the Navy*, 118 M.S.P.R. 21, ¶¶ 15-18 (2012), the appellant does not claim a denial of veterans' preference, IAF, Tab 1 at 1.

¶5        Under 5 U.S.C. § 1204(a)(1), the Board shall "hear, adjudicate, or provide for the hearing or adjudication, of all matters within the jurisdiction of the Board under this title, chapter 43 of title 38, or any other law, rule, or regulation . . . ." In her petition for review, the appellant interprets the above statutory provision to describe three different types of cases under the Board's jurisdiction. PFR File, Tab 1 at 4. She correctly describes the first as encompassing all matters within the jurisdiction of the Board under title 5 of the U.S. Code. *Id.* However, she leaves out the crucial clause "all matters within the jurisdiction of the Board" when interpreting the other types of cases identified in the cited statutory sentence, i.e., matters arising under chapter 43 of title 38, and matters arising under any other law, rule, or regulation. *Id.*

¶6        Contrary to the appellant's interpretation, 5 U.S.C. § 1204(a)(1) is not in and of itself a grant of jurisdiction, but instead merely empowers the Board to hear and adjudicate those matters that are specifically placed within its jurisdiction by other authorities, i.e., title 5, chapter 43 of title 38, or any other law, rule, or regulation. The Board's subject matter jurisdiction is therefore limited and its "power to adjudicate an action is restricted to matters where its jurisdiction is specifically provided for by law, rule, or regulation." *King v. Reid*, 59 F.3d 1215, 1217 (Fed. Cir. 1995). The appellant has failed to identify the law, rule, or regulation which specifically provides the Board with the authority to adjudicate her appeal. Without an otherwise appealable action, the Board is without authority to address the appellant's Fifth Amendment claim. *E.g.*, *Wren v. Department of the Army*, 2 M.S.P.R. 1, 2 (1980), *aff'd*, 681 F.2d 867, 871‑73 (D.C. Cir. 1982).

¶7        In sum, the record evidence and the applicable law support the administrative judge's findings that the appellant failed to make a nonfrivolous allegation of jurisdiction over her appeal. We therefore affirm the initial decision.

## NOTICE TO THE APPELLANT REGARDING
## YOUR FURTHER REVIEW RIGHTS[2]

You have the right to request review of this final decision by the U.S. Court of Appeals for the Federal Circuit. You must submit your request to the court at the following address:

United States Court of Appeals
for the Federal Circuit
717 Madison Place, N.W.
Washington, DC 20439

The court must receive your request for review no later than 60 calendar days after the date of this order. *See* 5 U.S.C. § 7703(b)(1)(A) (as rev. eff. Dec. 27, 2012). If you choose to file, be very careful to file on time. The court has held that normally it does not have the authority to waive this statutory deadline and that filings that do not comply with the deadline must be dismissed. *See Pinat v. Office of Personnel Management*, 931 F.2d 1544 (Fed. Cir. 1991).

If you need further information about your right to appeal this decision to court, you should refer to the Federal law that gives you this right. It is found in title 5 of the U.S. Code, section 7703 (5 U.S.C. § 7703) (as rev. eff. Dec. 27, 2012). You may read this law as well as other sections of the U.S. Code, at our website, http://www.mspb.gov/appeals/uscode.htm. Additional information is available at the court's website, www.cafc.uscourts.gov. Of particular relevance is the court's "Guide for Pro Se Petitioners and Appellants," which is contained within the court's Rules of Practice, and Forms 5, 6, and 11.

If you are interested in securing pro bono representation for an appeal to the U.S. Court of Appeals for the Federal Circuit, you may visit our website at http://www.mspb.gov/probono for information regarding pro bono representation

---

[2] In the initial decision, the administrative judge provided the appellant with mixed-case appeal rights. Based on the disposition of this case, such review rights are not appropriate. *Caros v. Department of Homeland Security*, 122 M.S.P.R. 231, ¶ 22 (2015). The proper appeal rights are provided here.

for Merit Systems Protection Board appellants before the Federal Circuit. The Merit Systems Protection Board neither endorses the services provided by any attorney nor warrants that any attorney will accept representation in a given case.


FOR THE BOARD:             _____
                                         Jennifer Everling
                                         Acting Clerk of the Board

Washington, D.C.