# UNITED STATES OF AMERICA
## MERIT SYSTEMS PROTECTION BOARD

DIANE HORN-CRUDER,

       Appellant,

      v.

DEPARTMENT OF HEALTH AND
   HUMAN SERVICES,

       Agency.

DOCKET NUMBER
DC-0752-14-0795-C-3

DATE: December 2, 2016

## THIS FINAL ORDER IS NONPRECEDENTIAL[1]

<u>Diane Horn-Cruder</u>, Gaithersburg, Maryland, pro se.

<u>Matthew M. Vince</u> and <u>Susan M. Andorfer</u>, Esquire, Washington, D.C., for
   the agency.

### BEFORE

Susan Tsui Grundmann, Chairman
Mark A. Robbins, Member

### FINAL ORDER

¶1      The appellant has filed a petition for review of the compliance initial decision, which dismissed her petition for enforcement of the settlement agreement resolving her removal appeal as barred by res judicata. Generally, we grant petitions such as this one only in the following circumstances: the initial

---

[1] A nonprecedential order is one that the Board has determined does not add significantly to the body of MSPB case law. Parties may cite nonprecedential orders, but such orders have no precedential value; the Board and administrative judges are not required to follow or distinguish them in any future decisions. In contrast, a precedential decision issued as an Opinion and Order has been identified by the Board as significantly contributing to the Board's case law. *See* 5 C.F.R. § 1201.117(c).

decision contains erroneous findings of material fact; the initial decision is based on an erroneous interpretation of statute or regulation or the erroneous application of the law to the facts of the case; the administrative judge's rulings during either the course of the appeal or the initial decision were not consistent with required procedures or involved an abuse of discretion, and the resulting error affected the outcome of the case; or new and material evidence or legal argument is available that, despite the petitioner's due diligence, was not available when the record closed.  Title 5 of the Code of Federal Regulations, section 1201.115 (5 C.F.R. § 1201.115).  After fully considering the filings in this appeal, we conclude that the petitioner has not established any basis under section 1201.115 for granting the petition for review.  Therefore, we DENY the petition for review and AFFIRM the initial decision, which is now the Board's final decision.  5 C.F.R. § 1201.113(b).

## DISCUSSION OF ARGUMENTS ON REVIEW

¶2     The agency removed the appellant from her position as a GS‑11 Program Analyst, and she timely appealed her removal to the Board.  *Horn‑Cruder v. Department of Health & Human Services*, MSPB Docket No. DC‑0752‑14‑0795‑I‑1, Initial Appeal File (IAF), Tab 1.  While the appeal was pending, the parties entered into a settlement agreement, which provided, in relevant part, that the appellant would withdraw her appeal with prejudice and that the agency would pay her a lump sum payment and attorney fees, rescind the Standard Form 50 documenting her removal and replace it with one reflecting that she voluntarily retired, and expunge documents related to her removal from her official personnel file and her direct supervisors' files.  IAF, Tab 7 at 5-6.  The administrative judge found that the settlement was lawful on its face and that the parties freely entered into the agreement and understood its terms.  IAF, Tab 8, Initial Decision (ID) at 2.  Accordingly, in an October 2, 2014 initial decision, she entered the

settlement agreement into the record for purposes of enforcement by the Board and dismissed the appeal as settled. *Id.*

¶3     On March 10, 2015, the appellant filed a petition for enforcement of the settlement agreement, arguing that the agency had failed to comply with its obligation to expunge documents related to her removal from her personnel file— specifically, an October 24, 2013 letter banning the appellant from the National Institutes of Health (NIH) campus and other NIH work locations. *Horn-Cruder v. Department of Health & Human Services*, MSPB Docket No. DC-0752-14-0795-C-1, Compliance File (CF), Tab 1 at 2-8, 23. While the petition for enforcement was pending, the parties entered into another settlement agreement, dated May 15, 2015, resolving the compliance matter. CF, Tab 10. In relevant part, the agency stipulated that the campus ban had been lifted as of April 21, 2015, agreed to pay attorney fees arising from the compliance matter, and agreed to provide the appellant's representative a letter stating that the campus ban had been lifted and that the October 24, 2013 letter regarding the ban need not be expunged because it was never made part of the appellant's official personnel file. *Id.* at 6-7. The administrative judge found that the settlement agreement was lawful on its face and that the parties freely entered into it and understood its terms. CF, Tab 12, Compliance Initial Decision (CID) at 2. Accordingly, in a May 27, 2015 compliance initial decision, she entered the settlement agreement into the record for purposes of enforcement and dismissed the appeal as settled. *Id.*

¶4     On August 20, 2015, the appellant wrote to the administrative judge regarding an email containing a 57-page attachment sent from the agency representative to her former attorney, which her former attorney forwarded to her on May 18, 2015.[2] *Horn-Cruder v. Department of Health & Human Services*,

---

[2] Based on emails later submitted by the appellant, it appears that the document sent to her attorney and forwarded to her on May 18, 2015, was a copy of the parties' joint motion to dismiss the first petition for enforcement as settled. *Horn-Cruder v. Department of Health & Human Services*, MSPB Docket No. DC-0752-14-0795-C-2, Compliance File (C-2 CF), Tab 1 at 5, Tab 8 at 1-2; CF, Tab 9. However, it appears

MSPB Docket No. DC-0752-14-0795-C-2, Compliance File (C-2 CF), Tab 1 at 5. She asserted that she was concerned and frightened for her safety and asked the Board to "please provide me guidance on whether I should retain a lawyer or provide me with other options." *Id.* at 5-6. She also resubmitted her original response to the notice of proposed removal and her 57-page first petition for enforcement. *Id.* at 1-4, 10-66. The administrative judge docketed the submission as a second petition for enforcement and ordered the agency to respond showing compliance. C-2 CF, Tab 2. The agency responded that, while the basis of the appellant's petition for enforcement was unclear, the agency had fully complied with the May 15, 2015 settlement agreement resolving the appellant's first petition for enforcement by paying the agreed-upon attorney fees and by sending the agreed‑upon letter to the appellant's representative on May 26, 2015. C-2 CF, Tab 3 at 5-7, 9, 11. In response, the appellant reiterated her concerns about her safety and stated that the 57-page document was the basis of her petition for enforcement. C-2 CF, Tab 9. In a November 5, 2015 compliance initial decision, the administrative judge found the agency in compliance with the settlement agreement and denied the appellant's second petition for enforcement. C-2 CF, Tab 13.

¶5      On May 6, 2016, the appellant wrote to the administrative judge again, asserting that she wanted to renegotiate the settlement agreement because the agency representative has treated her unfairly, violated her due process rights, "failed to see [her] as a human being," and has been trying to "block [her] from retaining an attorney." *Horn‑Cruder v. Department of Health & Human Services*, MSPB Docket No. DC-0752-14-0795-C-3, Compliance File (C-3 CF), Tab 1 at 1-2. She also asked to be reinstated to her former position. *Id.* The administrative judge docketed the submission as a third petition for enforcement

that the 57-page document she is referring to, which she submitted in full with her second petition for enforcement, is the first petition for enforcement submitted by her attorney representative. *Compare* CF, Tab 1, *with* C-2 CF, Tab 1 at 10-66.

and ordered the agency to submit evidence showing that it complied with the settlement agreement. C-3 CF, Tab 2. The agency responded in opposition to the appellant's petition for enforcement, arguing that it should be dismissed for failure to identify any breach of the most recent settlement agreement and as barred by the doctrine of res judicata. C-3 CF, Tab 4. In response, the appellant complained that she is trying to get information regarding the 57-page document sent to her former attorney by the agency representative and that she wants the agency "to be held accountable and responsible for their negative actions against [her]." C-3 CF, Tab 5 at 2. In a June 21, 2016 compliance initial decision, the administrative judge dismissed the appellant's third petition for enforcement as barred by the doctrine of res judicata. C-3 CF, Tab 6, Compliance Initial Decision (C-3 CID). The administrative judge noted that, during a telephonic status conference, the appellant indicated that she wanted a new settlement agreement because the agency had engaged in bad faith. C-3 CID at 3-4. The administrative judge explained, however, that challenges to the validity of a settlement agreement that has been entered into the Board's record in a previous appeal must be raised in a petition for review of the decision accepting the agreement into the record, not through a collateral attack on the agreement in a new appeal. C-3 CID at 4.

¶6      The appellant has filed a petition for review of the third compliance initial decision. Compliance Petition for Review (CPFR) File, Tab 4. On review, she states again that she wants a new settlement agreement and that the original settlement agreement should not be enforced and argues that the agency and the agency representative "engaged in bad faith" and presented "several erroneous materials" during the settlement negotiations that were "false and misleading." *Id.* at 6. She further reiterates her contentions about the NIH campus ban previously in place, challenges the merits of the agency's removal action, and asserts that the agency retaliated against her for filing an equal employment opportunity complaint by denying her a promotion. *Id.* at 6-10. The appellant

asks to be reinstated to her former position and for back pay because she was "[f]alsely [a]ccused and [w]rongly [t]erminated." *Id.* at 11. The agency has responded in opposition to the appellant's petition for review, and the appellant has replied to the agency's response. CPFR File, Tabs 8-9.

¶7    Under the doctrine of res judicata, a valid, final judgment on the merits of an action bars a second action involving the same parties or their privies based on the same cause of action. *Encarnado v. Office of Personnel Management*, 116 M.S.P.R. 301, ¶ 10 (2011); *Peartree v. U.S. Postal Service*, 66 M.S.P.R. 332, 337 (1995). Res judicata precludes parties from relitigating issues that were, or could have been, raised in the prior action, and is applicable if: (1) the prior judgment was rendered by a forum with competent jurisdiction; (2) the prior judgment was a final judgment on the merits; and (3) the same cause of action and the same parties or their privies were involved in both cases. *Encarnado*, 116 M.S.P.R. 301, ¶ 10; *Peartree*, 66 M.S.P.R. at 337.

¶8    In the third compliance initial decision, the administrative judge found that there was no dispute that the appellant's first and second petitions for enforcement were within the Board's jurisdiction, that they both resulted in a final judgment on the merits, that the same parties were involved in each of the appellant's petitions, and that this petition for enforcement involves the same claims that the appellant raised in her previous petitions for enforcement. ID at 3. Further, she found that the appellant has not alleged a new basis for a breach of the settlement agreement by the agency or any new claims, facts, or evidence of a breach and that she merely seeks to relitigate the same claims she raised in her prior petitions for enforcement in hopes of obtaining a new outcome. *Id.* Thus, the administrative judge concluded that the appellant's third petition for enforcement was barred under the doctrine of res judicata.

¶9    On review, the appellant has not identified any error in the administrative judge's determination that her challenge to the prior settlement agreements is barred by res judicata. CPFR File, Tabs 4, 9. Having carefully reviewed the

appellant's prior petitions for enforcement and the resulting compliance initial decisions, we agree with the administrative judge's determination that this petition for enforcement, insofar as it alleges breach of the first or second settlement agreement, is barred by res judicata. *See Encarnado*, 116 M.S.P.R. 301, ¶ 10; *Peartree*, 66 M.S.P.R. at 337.

¶10 As the administrative judge correctly explained, the appellant's challenges to the validity of either settlement agreement must be raised as a petition for review of the initial decision dismissing the appeal resolved by that settlement agreement as settled.[3] *Weldon v. Department of Veterans Affairs*, 119 M.S.P.R. 478, ¶ 5 (2013); *Hazelton v. Department of Veterans Affairs*, 112 M.S.P.R. 357, ¶ 8 (2009). Accordingly, we find that the appellant's challenges to the validity of the settlement agreements are not properly before the Board in this compliance appeal.

¶11 Lastly, the appellant's challenges to the original removal action are likewise not properly before the Board. Once a settlement agreement is entered into the Board's record, the original appealable action is withdrawn or dismissed. *King v. Reid*, 59 F.3d 1215, 1218 (Fed. Cir. 1995). Accordingly, the Board lacks jurisdiction to hear the appellant's claims regarding the merits of her removal, as well as her allegations of discrimination in connection with a petition for enforcement of a settlement agreement. *See id.*; *Walker-King v. Department of Veterans Affairs*, 119 M.S.P.R. 414, ¶ 15 (2013) (stating that the Board lacks jurisdiction to hear pendent discrimination claims in connection with a petition for enforcement of a settlement agreement).

---

[3] We make no finding regarding the timeliness of any petition for review the appellant may elect to file.

**NOTICE TO THE APPELLANT REGARDING**
**YOUR FURTHER REVIEW RIGHTS**

You have the right to request review of this final decision by the U.S. Court of Appeals for the Federal Circuit.  You must submit your request to the court at the following address:

United States Court of Appeals
for the Federal Circuit
717 Madison Place, N.W.
Washington, DC 20439

The court must receive your request for review no later than 60 calendar days after the date of this order.  *See* 5 U.S.C. § 7703(b)(1)(A) (as rev. eff. Dec. 27, 2012).  If you choose to file, be very careful to file on time.  The court has held that normally it does not have the authority to waive this statutory deadline and that filings that do not comply with the deadline must be dismissed.  *See Pinat v. Office of Personnel Management*, 931 F.2d 1544 (Fed. Cir. 1991).

If you need further information about your right to appeal this decision to court, you should refer to the Federal law that gives you this right.  It is found in title 5 of the United States Code, section 7703 (5 U.S.C. § 7703) (as rev. eff. Dec. 27, 2012).  You may read this law and other sections of the United States Code, at our website, http://www.mspb.gov/appeals/uscode.htm.  Additional information is available at the court's website, www.cafc.uscourts.gov.  Of particular relevance is the court's "Guide for Pro Se Petitioners and Appellants," which is contained within the court's Rules of Practice, and Forms 5, 6, and 11.

If you are interested in securing pro bono representation for an appeal to the U.S. Court of Appeals for the Federal Circuit, you may visit our website at http://www.mspb.gov/probono for information regarding pro bono representation for Merit Systems Protection Board appellants before the Federal Circuit.  The

Merit Systems Protection Board neither endorses the services provided by any attorney nor warrants that any attorney will accept representation in a given case.

FOR THE BOARD:                          _____
                                        Jennifer Everling
                                        Acting Clerk of the Board

Washington, D.C.