**James B. KING, Director, Office of Personnel Management, Petitioner,**

v.

**Lawrence T. REID, Respondent,**

and

**Merit Systems Protection Board, Respondent.**

No. 94–3271.

United States Court of Appeals, Federal Circuit.

June 30, 1995.

---

Hillary A. Stern, Atty., Commercial Litigation Branch, Dept. of Justice, of Washington, DC, argued, for petitioner. With her on the brief were Frank W. Hunger, Asst. Atty. Gen., David M. Cohen, Director and Jeanne E. Davidson, Asst. Director. Also on the brief were Lorraine Lewis, Gen. Counsel and Steven E. Abow, Office of Gen. Counsel, Office of Personnel Management, Washington, DC, of counsel.

Stephanie M. Conley, Atty., M.S.P.B., of Washington, DC, argued, for respondent. With her on the brief were Mary L. Jennings, Acting Gen. Counsel and David C. Kane, Asst. Gen. Counsel.

Before ARCHER, Chief Judge, NEWMAN and SCHALL, Circuit Judges.

ARCHER, Chief Judge.

■ The Office of Personnel Management ("OPM") petitioned this court for review of the January 6, 1994 decision of the Merit

Systems Protection Board (board) denying OPM's request for reconsideration of the board's earlier decision in *Reid v. Department of Navy*, 50 M.S.P.R, 663 (1991) (*Reid I*). *Reid v. Department of Navy*, 60 M.S.P.R. 354 (1994) (*Reid II*).[1] OPM's petition was granted to answer the following question on appeal: whether an enforcement action containing an allegation of discrimination qualifies as a mixed case under 5 U.S.C. § 7702(a)(1). *King v. Reid*, misc. docket No. 395 (Fed.Cir. March 25, 1994). We conclude that such action does not qualify as a mixed case and we reverse the decision of the board to that extent.

## BACKGROUND

Reid was removed from his position with the Department of the Navy (Navy or agency) as an Electronics Engineer in 1989. On appeal to the board, the parties settled their disputes and Reid withdrew his appeal. The settlement agreement was entered into the record. Subsequently, Reid petitioned the board to enforce the settlement agreement, alleging that the Navy had breached the terms of the agreement. He claimed that the Navy failed to comply with the terms of the settlement agreement because, among other reasons, the agency discriminated against him.

The administrative judge (AJ) found that the Navy had fully complied with the agreement, and without addressing the discrimination claim, dismissed Reid's enforcement petition. On petition for review, the full board affirmed the AJ's decision on the merits but reopened the case because the AJ failed to consider the discrimination claim. Although finding no evidence of discrimination in its review, the board decided that Reid's claim of discrimination gave his case a "mixed case" status under 5 U.S.C. § 7702(a)(1) and provided him mixed case appeal rights. *Reid I*.

OPM requested the board to reconsider its decision. OPM argued that a petition to enforce a settlement agreement is not an appealable action within the meaning of § 7702 and thus it cannot be combined with a discrimination claim to qualify as a mixed

case. In *Reid II*, the board denied OPM's request and affirmed its earlier decision in *Reid I*, reasoning that "[g]iven the fact that a breach of a settlement agreement is an appealable action, it follows from [5 U.S.C. § 7702(a)] that such an action is a mixed case when the appellant alleges that the breach resulted from discrimination." This petition for review followed.

## DISCUSSION

■ We review decisions of the board under the standard of review prescribed by statute. 5 U.S.C. § 7703(c). On questions of statutory interpretation and jurisdictional issues, the board's decision is reviewed *de novo*. *Rosete v. Office of Personnel Management*, 48 F.3d 514 (Fed.Cir.1995).

■ The board's subject matter jurisdiction to adjudicate agency actions is limited. Congress defined the board's powers and functions in the following manner:

(a) The Merit Systems Protection Board shall—

(1) hear, adjudicate, or provide for the hearing or adjudication, of all matters within the jurisdiction of the Board under this title, section 4323 of title 38, or any other law, rule, or regulation, and, subject to otherwise applicable provisions of law, take final action on any such matter;

5 U.S.C. § 1204(a)(1). Thus the board's power to adjudicate an action is restricted to matters where its jurisdiction is specifically provided for by law, rule, or regulation. Ancillary to the board's power to adjudicate actions is the board's authority to enforce its own orders. Congress provided in the next paragraph of § 1204 that the board would have the power to:

(2) order any Federal agency or employee to comply with any order or decision issued by the Board under the authority granted under paragraph (1) of this subsection and enforce compliance with any such order;

5 U.S.C. § 1204(a)(2).

■ A claim of discrimination, standing alone, is insufficient to invoke the board's

---

1. 5 U.S.C. § 7703(d) provides this court with discretion to review a board decision when a petition for review is filed by OPM. Before filing

a petition for review with this court, however, OPM must first request that the board reconsider its decision.

jurisdiction. *Cruz v. Department of Navy,* 934 F.2d 1240, 1245 (Fed.Cir.1991) (in banc). Congress has provided venues other than the board to review claims of discrimination generally. The board may, however, decide claims of discrimination in limited circumstances. Congress provided that the board may decide a claim of discrimination when it forms a basis for an agency action over which the board otherwise has jurisdiction (commonly referred to as an "appealable action"). Such a case is known as a "mixed" case. Specifically, 5 U.S.C. § 7702(a)(1), provides:

> in the case of any employee or applicant for employment who—
>
> (A) has been affected by an action which the employee or applicant may appeal to the Merit Systems Protection Board, and
>
> (B) alleges that a basis for the action was discrimination ...
>
> the Board shall ... decide both the issue of discrimination and the appealable action....

■ Appealable actions are those agency actions expressly made appealable to the board by any law, rule, or regulation. *See* 5 U.S.C. § 1204(a)(1). These include, for example, adverse actions under Chapter 75 of Title 5 and performance-based actions under Chapter 43, as well as agency actions made appealable to the board by regulation, as for example 5 C.F.R. § 353.401(c) (failure to restore or improper restoration of executive department employees who suffer compensable injuries).

■ In this case, the board concluded that the breach of the settlement agreement was an "appealable action" which when coupled with Reid's claim of discrimination required that the board provide Reid with mixed case appeal rights. We disagree. Section 7702(a)(1) allows the board to decide an issue of discrimination only when it is a "basis" for "an action which the employee or applicant may appeal to the [board]." Nowhere in the

statutes nor in any rule or regulation is a petition for enforcement of a settlement agreement expressly made appealable to the board. Although a breach of a settlement agreement by the government undoubtedly involves an agency action, it is not one of those agency actions described as being appealable to the board. It is not, therefore, an action described in 5 U.S.C. § 7702(a)(1)(A) which will support a mixed case.

The board itself has apparently now abandoned the position stated in its opinion below that a breach of a settlement agreement is an appealable action. It does not make this argument in its brief on appeal. Instead the board now argues that since the original action was appealable the board retains jurisdiction to entertain petitions for enforcement and that when an allegation of discrimination is included in the petition, the mixed case provisions apply. Again, we disagree.

[8] As explained above, the board's jurisdiction over appealable actions is limited to those set out in a law, rule, or regulation. 5 U.S.C. § 1204(a)(1). Although employees may petition the board to exercise its preexisting jurisdiction to *enforce* settlement agreements already entered into the record,[2] the board is not then acting under its § 1204(a)(1) authority. *See Amin v. Merit Sys. Protection Bd.,* 951 F.2d 1247, 1252 (Fed.Cir.1991) (distinguishing between appeals that are resolved by settlements and later filed petitions to enforce the settlements, but recognizing the petitions may raise issues intertwined with the merits of the original appeal); *see also Perry v. Department of Army,* 992 F.2d 1575, 1577 (Fed. Cir.1993). Once a settlement agreement has been entered into the record, the original appealable action is withdrawn or dismissed. The board retains jurisdiction over a settlement agreement made part of the record pursuant to its power under 5 U.S.C. § 1204(a)(2) to enter and enforce its own orders.

■ We conclude that under the board's retained jurisdiction, 5 U.S.C. § 1204(a)(2), the board may decide whether an agency has

---

2. The board does not retain jurisdiction over a settlement agreement if it is not entered into the

record. *See* 5 C.F.R. § 1201.41(c)(2).

breached a settlement agreement entered on the record and thus violated its order. It may not, however, decide a claim of discrimination that is alleged to be a basis in whole or in part for the agency's acts of noncompliance. The board's jurisdiction to hear discrimination allegations arises only in connection with an otherwise appealable action under any law, rule, or regulation.

## CONCLUSION

Accordingly, a claim of discrimination contained in a petition to enforce a settlement agreement does not give rise to mixed case status and the board erred when it granted Reid mixed case appeal rights.

*REVERSED.*