68 F.3d 488
 NOTICE: Federal Circuit Local Rule 47.6(b) states that opinions and orders which are designated as not citable as precedent shall not be employed or cited as precedent. This does not preclude assertion of issues of claim preclusion, issue preclusion, judicial estoppel, law of the case or the like based on a decision of the Court rendered in a nonprecedential opinion or order.
Thomas A. JUHAS, Petitioner,
v.
MERIT SYSTEMS PROTECTION BOARD, Respondent.
 No. 95-3399.
 United States Court of Appeals, Federal Circuit.
 Oct. 12, 1995.
 
 Before PLAGER, RADER, and SCHALL, Circuit Judges.
 DECISION
 PER CURIAM.
 
 
 1
 Thomas A. Juhas petitions for review of the final decision of the Merit Systems Protection Board ("Board") in docket No. DA-0353-94-0717-I-1.[1] In its decision, the Board dismissed Juhas's appeal for lack of jurisdiction. We affirm.
 
 DISCUSSION
 
 2
 Juhas retired from his position as a letter carrier for the United States Postal Service ("agency") in October 1992 and began receiving a civil-service retirement annuity. Subsequently, in 1994, he sought reemployment with the agency. After the request was denied, he appealed to the Board, which dismissed for lack of jurisdiction.
 
 
 3
 A petitioner seeking review of agency action by the Board bears the burden of establishing that the Board has jurisdiction to hear the appeal. Minor v. Merit Sys. Protection Bd., 819 F.2d 280, 282 (Fed.Cir.1987). The Board has only that jurisdiction which is conferred upon it by Congress, King v. Reid, 59 F.3d 1215, 1217 (Fed.Cir.1995), and that jurisdiction is limited, Dowd v. United States, 713 F.2d 720, 722 (Fed.Cir.1983). The jurisdiction given to the Board is spelled out in 5 U.S.C. Sec. 7701 (1994). That statute provides that "[a]n employee, or applicant for employment, may submit an appeal to the [Board] from any action which is appealable to the Board under any law, rule, or regulation." 5 U.S.C. Sec. 7701(a) (1994); see 5 C.F.R. Sec. 1201.3 (1995) (describing appellate jurisdiction of the Board). No "law, rule, or regulation" provides for appeals to the Board by annuitants such as Juhas who are seeking reemployment. See Phillips v. Department of the Navy, 40 M.S.P.R. 620, 622 (1989) ("There is no law, rule or regulation which permits the Board to review an individual's claim that he was not hired for a particular position." (citations omitted)). The administrative judge did not err in dismissing Juhas's appeal.
 
 
 
 [1]
 The December 28, 1994 initial decision of the administrative judge became the final decision of the Board on March 1, 1995, when the Board denied Juhas's petition for review