74 F.3d 1260
 NOTICE: Federal Circuit Local Rule 47.6(b) states that opinions and orders which are designated as not citable as precedent shall not be employed or cited as precedent. This does not preclude assertion of issues of claim preclusion, issue preclusion, judicial estoppel, law of the case or the like based on a decision of the Court rendered in a nonprecedential opinion or order.
David F. NOLTE, Petitioner,
v.
MERIT SYSTEMS PROTECTION BOARD, Respondent.
 No. 95-3704.
 United States Court of Appeals, Federal Circuit.
 Jan. 19, 1996.
 
 Before CLEVENGER, SCHALL, and BRYSON, Circuit Judges.
 DECISION
 PER CURIAM.
 
 
 1
 David F. Nolte petitions for review of the final decision of the Merit Systems Protection Board ("Board") that dismissed for lack of jurisdiction Nolte's petition for enforcement of a settlement agreement between Nolte and the Department of Health and Human Services ("agency"). Nolte v. Department of Health and Human Servs., Docket No. DA-0752-92-0393-C-1.[1] We affirm.
 
 DISCUSSION
 
 2
 Nolte was removed from employment with the agency in 1992. He appealed the removal to the Board. In due course, the parties announced that they had reached a settlement. In a conference on July 7, 1992, Nolte stated that he was withdrawing the appeal as settled, but he asked that the appeal be kept open so that a written settlement agreement could be included in the record. The AJ agreed to do that and advised Nolte and the agency that the record would remain open until July 10 for receipt of the agreement. The AJ stated that if the agreement was not received by July 10, the appeal would be dismissed without it based upon Notle's withdrawal. After two extensions of time, and after the parties failed to submit the agreement, the AJ dismissed the appeal on August 11, 1992. On February 14, 1995, Nolte filed a petition for enforcement of the settlement agreement. The AJ dismissed the action on May 12 for lack of jurisdiction, citing the fact that the agreement had not been filed with the Board for enforcement purposes.
 
 
 3
 A petitioner bears the burden of establishing Board jurisdiction. 5 C.F.R. Sec. 1201.56(a)(2)(i). The Board regulation governing the settlement of appeals and enforcement of settlements is clear as to its requirements. It states that
 
 
 4
 If the parties agree to settle their dispute, the settlement agreement is the final and binding resolution of the appeal, and the judge will dismiss the appeal with prejudice.
 
 
 5
 (i) If the parties offer the agreement for inclusion in the record, and if the judge approves the agreement, it will be made a part of the record, and the Board will retain jurisdiction to ensure compliance with the agreement.
 
 
 6
 (ii) If the agreement is not entered into the record, the Board will not retain jurisdiction to ensure compliance.
 
 
 7
 5 C.F.R. Sec. 1201.41(c)(2).
 
 
 8
 The Board has held that, if a settlement agreement is not made a part of the record and the petitioner withdraws the appeal, it loses jurisdiction. Harris v. United States Postal Service, 44 M.S.P.R. 547, 550 (1990). Richardson v. Environmental Protection Agency, 5 M.S.P.R. 248, 250-51 (1981). This court has agreed. King v. Reid, 59 F.3d 1215, 1218 n. 2 (Fed.Cir.1995) ("The board does not retain jurisdiction over a settlement agreement if it is not entered into the record.").
 
 
 9
 This court reviews a Board decision under a narrow standard and must affirm the decision unless it is found to be 1) arbitrary, capricious, an abuse of discretion, or otherwise not in accordance with law; 2) obtained without procedures required by law, rule or regulation having been followed; or 3) unsupported by substantial evidence. 5 U.S.C. Sec. 7703(c) (1994). The decision of the AJ dismissing Nolte's appeal for lack of jurisdiction is free of legal error and is supported by substantial evidence.
 
 
 
 [1]
 The May 12, 1995 initial decision of the administrative judge ("AJ") became the final decision of Board when the full Board denied Nolte's petition for review on July 12, 1995