78 F.3d 602
 NOTICE: Federal Circuit Local Rule 47.6(b) states that opinions and orders which are designated as not citable as precedent shall not be employed or cited as precedent. This does not preclude assertion of issues of claim preclusion, issue preclusion, judicial estoppel, law of the case or the like based on a decision of the Court rendered in a nonprecedential opinion or order.
Ronald L. GREEN, Petitioner,
v.
UNITED STATES POSTAL SERVICE, Respondent.
 No. 95-3585.
 United States Court of Appeals, Federal Circuit.
 Jan. 31, 1996.
Rehearing Denied Feb. 28, 1996.
 
 Before ARCHER, Chief Judge, PLAGER, and BRYSON, Circuit Judges.
 DECISION
 ARCHER, Chief Judge.
 
 
 1
 Ronald L. Green petitions for review of a decision of the Merit Systems Protection Board in Docket No. DE-0752-95-0044-I-1, dismissing his appeal for lack of jurisdiction. We affirm.
 
 DISCUSSION
 
 2
 Mr. Green was a Maintenance/Tool Clerk at a United States Postal Service facility in Las Vegas. His supervisor proposed removing Mr. Green for inability to perform due to medical reasons, citing absence from work for more than one year. In a settlement agreement, Mr. Green accepted $2,000, agreed to the termination of his employment and waived his right to appeal.
 
 
 3
 Nevertheless, Mr. Green appealed his termination to the board, arguing that the settlement agreement was involuntary because it was coerced and based on material misinformation, and because he lacked the mental capacity to enter into a settlement agreement. The administrative judge found that Mr. Green had the requisite mental capacity and that his medical problems did not affect his cognitive process. The administrative judge also rejected Mr. Green's claims of coercion and misinformation. Accordingly, the administrative judge dismissed Mr. Green's appeal for lack of jurisdiction. This decision became final when the full board denied review.
 
 
 4
 Our standard of review is limited by statute. We must affirm the board's decision, unless it is (1) arbitrary, capricious, an abuse of discretion, or otherwise not in accordance with the law; (2) obtained without procedures required by law, rule, or regulation having been followed; or (3) unsupported by substantial evidence. 5 U.S.C. § 7703(c) (1994).
 
 
 5
 On appeal to this court, Mr. Green argues that his appeal was a mixed case containing a claim based on discrimination and that the board erred by not deciding his discrimination claim. The administrative judge, however, correctly determined that the board could consider a discrimination claim only if it obtained jurisdiction under an otherwise appealable action. See King v. Reid, 59 F.3d 1215, 1219 (Fed.Cir.1995).
 
 
 6
 Mr. Green also reiterates the arguments made to the administrative judge that he was entitled to a thirty-day paid notice period under the applicable collective bargaining agreement and that he could not be removed before he had been on leave without pay for a full year. He has not, however, shown any error in the administrative judge's decision which rejected these arguments. While Mr. Green asserts that the collective bargaining agreement requires the paid notice period because it does not provide alternatives similar to those in 5 C.F.R. § 752.604, the administrative judge found to the contrary stating that it "mirrored" that section. Mr. Green has not provided this court with the collective bargaining agreement or any other evidence that is inconsistent with the administrative judge's finding. In the absence of such evidence, we will not disturb the administrative judge's decision.
 
 
 7
 We are also not persuaded that the administrative judge erred in rejecting Mr. Green's argument that he could not be removed until he was on leave without pay for a year. Finally, Mr. Green has not shown that the agency misrepresented or misinformed him about any rights he had under the Postal Service Employee and Labor Relations Manual.
 
 
 8
 After careful consideration of all arguments raised by Mr. Green, we agree with the administrative judge that Mr. Green has failed to show that he did not enter into the settlement agreement voluntarily. Accordingly, the administrative judge properly dismissed Mr. Green's appeal for lack of jurisdiction.