82 F.3d 433
 NOTICE: Federal Circuit Local Rule 47.6(b) states that opinions and orders which are designated as not citable as precedent shall not be employed or cited as precedent. This does not preclude assertion of issues of claim preclusion, issue preclusion, judicial estoppel, law of the case or the like based on a decision of the Court rendered in a nonprecedential opinion or order.
Eugene O. BAILEY, Petitioner,
v.
DEPARTMENT OF VETERANS AFFAIRS, Respondent.
 No. 95-3752.
 United States Court of Appeals, Federal Circuit.
 March 13, 1996.
 
 Before NEWMAN, LOURIE, and SCHALL, Circuit Judges.
 DECISION
 PER CURIAM.
 
 
 1
 Eugene O. Bailey petitions for review of the final decision of the Merit Systems Protection Board ("Board") in docket No. AT-0752-95-0635-I-1.[1] In its decision, the Board dismissed Bailey's appeal for lack of jurisdiction. We affirm.
 
 DISCUSSION
 
 2
 The Board has only that jurisdiction which is conferred upon it by statute or regulation, 5 U.S.C. § 1204(a)(1) (1994); King v. Reid, 59 F.3d 1215, 1217 (Fed.Cir.1995), and that jurisdiction is limited, Dowd v. United States, 713 F.2d 720, 722 (Fed.Cir.1983). The Board does not have jurisdiction over appeals from voluntary resignations. Cruz v. Department of the Navy, 934 F.2d 1240, 1244 (Fed.Cir.1991). The Board does have jurisdiction over appeals from involuntary resignations. Id.
 
 
 3
 A resignation is presumed voluntary. Christie v. United States, 518 F.2d 584, 587 (Ct.Cl.1975). It is the petitioner's burden to overcome this presumption. See 5 C.F.R. § 1201.56(a)(2)(i) (1995). The presumption may be overcome by evidence which shows that the resignation was the result of coercion, duress, or misinformation provided by the agency. Dumas v. Merit Sys. Protection Bd., 789 F.2d 892, 894 (Fed.Cir.1986).
 
 
 4
 After Bailey was terminated from his position as a Medical Technologist for the Department of Veterans Affairs (the "agency") during his probationary period, he filed a discrimination complaint, based upon an alleged series of defamatory statements made against him by various individuals at the agency. Subsequently, in settlement of the complaint, Bailey agreed to resign from his position and to withdraw his discrimination charges. The agency in turn agreed to change its records to reflect that Bailey had resigned during the probationary period.
 
 
 5
 Notwithstanding the settlement, Bailey appealed his resignation to the Board, alleging discrimination based on "partisan political reasons and marital status." Addressing the jurisdictional issue, the AJ found that Bailey had offered no facts in support of his assertion that his resignation was coerced or that the agency misrepresented any matter to him, and dismissed the appeal for lack of jurisdiction.
 
 
 6
 In order to prevail on appeal, Bailey must show that the Board's decision is (1) arbitrary, capricious, an abuse of discretion, or otherwise not in accordance with law; (2) obtained without procedures required by law, rule, or regulation having been followed; or (3) unsupported by substantial evidence. 5 U.S.C. § 7703(c) (1994). Bailey has not met that burden.
 
 
 7
 Bailey points to the alleged defamatory remarks which formed the basis for his discrimination complaint to show that his resignation was involuntary. These allegations, however, are irrelevant to the question of the voluntariness of Bailey's resignation. Bailey has not asserted, let alone presented evidence, that he was coerced or fraudulently induced to enter into the settlement agreement with the agency. Thus, he has not begun to show that the Board erred in concluding that his resignation was voluntary. The Board's dismissal of Bailey's appeal for lack of jurisdiction is supported by substantial evidence and is free of legal error.[2]
 
 
 
 [1]
 The May 31, 1995 initial decision of the administrative judge ("AJ") became the final decision of the Board on July 25, 1995, when the Board denied Bailey's petition for review
 
 
 [2]
 Bailey argues that the Board erred in not holding a hearing before dismissing his appeal. The contention is without merit. An appellant is entitled to a hearing on jurisdiction only if the appellant raises nonfrivolous allegations of controverted jurisdictional facts that, if proven, would clearly establish the Board's jurisdiction. Waldau v. Merit Sys. Protection Bd., 19 F.3d 1395, 1402 (Fed.Cir.1994). Bailey has not made such allegations