NOTE: Pursuant to Fed. Cir. R. 47.6, this disposition
is not citable as precedent. It is a public record.

# United States Court of Appeals for the Federal Circuit

04-3221

BERNARD S. JENKINS,

Petitioner,

v.

MERIT SYSTEMS PROTECTION BOARD,

Respondent.

_____

DECIDED: March 11, 2005

_____

Before GAJARSA, Circuit Judge, PLAGER, Senior Circuit Judge, and DYK, Circuit Judge.

PER CURIAM.

Bernard S. Jenkins ("Jenkins") seeks review of the Merit Systems Protection Board ("Board") decision dismissing his appeal for lack of jurisdiction. Jenkins v. United States Postal Service, DC-3443-04-0099-I-1 (M.S.P.B. Mar. 1, 2004) (Initial Decision). We affirm.

We must affirm the Board's decision unless we determine that it is (1) arbitrary, capricious, an abuse of discretion, or otherwise not in accordance with law; (2) obtained without procedures required by law, rule, or regulation having been followed; or

(3) unsupported by substantial evidence.  See 28 U.S.C. § 7703(c) (2000); Killeen v. Office of Pers. Management, 382 F.3d 1316, 1320 (Fed. Cir. 2004).

As the petitioner, Jenkins bears the burden of showing that the Board has jurisdiction in this matter.  In order to be entitled to a hearing on jurisdiction, the former employee must make a non-frivolous allegation that, if proven at an evidentiary hearing, could establish Board jurisdiction.  Staats v. United States Postal Serv., 99 F.3d 1120, 1125 (Fed. Cir. 1996).

Jenkins alleges the AJ failed to consider the totality of the circumstances surrounding his resignation as well as the events that transpired from December 2000 through September 2001.  Also, Jenkins argues that "review of the EEOC investigative file will clearly show the many abuses of the agency supervisors."  Additionally, he asserts that "it is within the [Board's] discretion to give evidentiary weight to prior events" and "constructive discharge is well within the jurisdiction of the Board." Because Jenkins' allegations do not establish that the Board has jurisdiction over his appeal, the AJ properly dismissed Jenkins' appeal for lack of jurisdiction.

Congress provided that the board may decide a claim of discrimination when it forms a basis for an agency action over which the board otherwise has jurisdiction.  See 28 U.S.C. § 7702 (2000); King v. Reid, 59 F.3d 1215, 1218 (Fed. Cir. 1995).  A claim of discrimination standing alone is insufficient to invoke the Board's jurisdiction, Cruz v. Dep't of Navy, 934 F.2d 1240, 1245 (Fed. Cir. 1991).  Jenkins is attempting to pursue his appeal on that basis.  Jenkins unequivocally stated to the Board that he was appealing "the final decision of the postal service in EEOC no. 120-2002-01368X date September 2002," a decision dealing solely with Jenkins' EEO complaint alleging age

discrimination. Thus, Jenkins' discrimination claim by itself is insufficient to give the Board jurisdiction over his appeal. See id. Accordingly, the Board properly required him to submit evidence and argument to prove that his appeal was within the Board's jurisdiction. In response, he submitted evidence and made allegations that were not relevant for establishing the Board's jurisdiction. On appeal to this court, Jenkins continues to advance arguments irrelevant to establishing the Board's jurisdiction.

While the Board can hear allegations of discrimination in conjunction with an otherwise appealable action, Jenkins' response to the AJ's Acknowledgment Order does not establish that his allegation of discrimination was in conjunction with an otherwise appealable action. See 5 U.S.C. § 7702. Specifically, Jenkins asserts that the Board "failed to consider the totality of the circumstances surrounding [his] resignation; . . . that the AJ failed to consider events that transpired from December 2000 through September 2001; [and] constructive discharge is well within the jurisdiction of the Board. These assertions, however, without more, cannot create jurisdiction. See Cruz, 934 F.2d at 1245 (identifying that a petitioner's mere assertion cannot create jurisdiction). Because Jenkins did not meet his burden of showing that the Board has jurisdiction by raising a non-frivolous allegation of fact, the Board properly denied Jenkins' request for a hearing.

Moreover, the circumstances surrounding Jenkins' resignation are not properly the subject of this appeal. Jenkins' attempt to relitigate his constructive discharge claim, which was the subject of the Board's 2002 decision that Jenkins did not appeal, in the guise of an appeal of his discrimination claim, is not proper. Contrary to Jenkins' assertion that "res judicata . . . is not a basis to dismiss an appeal for lack of

jurisdiction," refashioning previously plead facts to constitute a new claim will not create an appealable issue.

"[A] judgment 'on the merits' in a prior suit involving the same parties or their privies bars a second suit based on the same cause of action." Lawlor v Nat'l Screen Serv. Corp., 349 U.S. 322, 326 (1955). Jenkins has previously litigated his claim of constructive discharge before the Board. The Board, on the merits, determined that Jenkins was not constructively discharged, and dismissed his action against the Postal Service. Jenkins v. United States Postal Serv., DC-0752-02-0032-I-1 (M.S.P.B. Jan 9, 2002) (Initial Decision). Res judicata thus bars Jenkins' attempt to relitigate his constructive discharge claim against the Postal Service.

We find that the Board's decision dismissing Jenkins' appeal for lack of jurisdiction is supported by substantial evidence. The Board's decision was not arbitrary, capricious, an abuse of discretion, or otherwise not in accordance with law. Accordingly, we affirm.

No costs.