**UNITED STATES OF AMERICA**
**MERIT SYSTEMS PROTECTION BOARD**

KEITH E. BROWN,
            Appellant,

      v.

DEPARTMENT OF DEFENSE,
            Agency.

DOCKET NUMBER
SF-0752-14-0310-C-2

DATE: January 6, 2017


# THIS FINAL ORDER IS NONPRECEDENTIAL[1]

Keith E. Brown, Stockton, California, pro se.

Christine J. Kim, Esquire, Stockton, California, for the agency.


**BEFORE**

Susan Tsui Grundmann, Chairman
Mark A. Robbins, Member


**FINAL ORDER**

¶1      The appellant has filed a petition for review of the compliance initial decision, which denied his petition for enforcement. Generally, we grant petitions such as this one only in the following circumstances: the initial decision contains erroneous findings of material fact; the initial decision is based on an erroneous interpretation of statute or regulation or the erroneous application of

---

[1] A nonprecedential order is one that the Board has determined does not add significantly to the body of MSPB case law. Parties may cite nonprecedential orders, but such orders have no precedential value; the Board and administrative judges are not required to follow or distinguish them in any future decisions. In contrast, a precedential decision issued as an Opinion and Order has been identified by the Board as significantly contributing to the Board's case law. See 5 C.F.R. § 1201.117(c).

the law to the facts of the case; the administrative judge's rulings during either the course of the appeal or the initial decision were not consistent with required procedures or involved an abuse of discretion, and the resulting error affected the outcome of the case; or new and material evidence or legal argument is available that, despite the petitioner's due diligence, was not available when the record closed. Title 5 of the Code of Federal Regulations, section 1201.115 (5 C.F.R. § 1201.115). After fully considering the filings in this appeal, we conclude that the petitioner has not established any basis under section 1201.115 for granting the petition for review. Therefore, we DENY the petition for review and AFFIRM the compliance initial decision, which is now the Board's final decision. 5 C.F.R. § 1201.113(b).

## BACKGROUND

¶2          The following facts, as set forth in the compliance initial decision, are undisputed. As a result of a 2012 traffic stop when he was driving his personal vehicle, the appellant was charged with several criminal offenses. Compliance File (CF), Tab 21, Compliance Initial Decision (CID) at 2. His police officer position required him to maintain a security clearance, but the agency suspended his access to classified information due to the pending criminal charges. CID at 1-2. Subsequently, the appellant pled no contest to a misdemeanor criminal offense, and the remaining charges were dismissed. CID at 2. The agency removed the appellant based on his plea to the lesser charge; the administrative judge reversed the removal on due process grounds; and the Board found that the agency's petition for review was untimely filed without a showing of good cause for the delay. *Id.* The administrative judge's initial decision therefore became the Board's final decision regarding the reversal of the removal. *Id.* In pertinent part, the initial decision ordered the agency to cancel the removal and restore the appellant retroactive to the date of the removal, and to provide him the appropriate amount of back pay with interest and related benefits. *Id.*

¶3    The appellant filed a petition for enforcement, which the administrative judge denied in a compliance initial decision.  CID at 2-6.  Among other things, the administrative judge found that the agency canceled the removal action and paid the appellant more than $15,000.00 in back pay.  CID at 3.  He concluded that the appellant was not entitled to back pay for the entire period after his removal because he was not available to perform his duties after the agency suspended his access to classified information in 2013.   CID at 3-4 (citing 5 C.F.R. § 550.805(c)).   The administrative judge considered the appellant's argument that suspending his access to classified information was unwarranted and should have ended once the criminal case was resolved, but the administrative judge concluded that the Board has no authority to review the substance of the agency's security clearance determination.  CID at 4.[2]  Finally, the administrative judge determined that after reversing the removal action, the agency appropriately placed the appellant on paid administrative leave, instead of restoring him to active duty, due to the suspension of his access to classified information.  CID at 5-6.

¶4    The appellant has filed a petition for review, the agency has filed a response, and the appellant has filed a reply.  Compliance Petition for Review (CPFR) File, Tabs 1, 3-4.  The appellant has also filed a Motion to Submit an Additional Pleading.  CPFR File, Tab 6.

## DISCUSSION OF ARGUMENTS ON REVIEW

¶5    The appellant argues, among other things, that suspending his security clearance was unwarranted, and the administrative judge is authorized to review

---

[2] Because the agency ultimately removed the appellant again for some of the same reasons that originally led it to suspend his security clearance, the administrative judge found it "unlikely" that it would have restored his access to classified information sooner.   CID at 4 (citing *Brown v. Department of Defense*, MSPB Docket No. SF-0752-15-0761-I-1).

the basis for it.[3]  *E.g.*, CPFR File, Tab 1 at 2-3, 12, 14.  He further contends that the agency's decision to suspend his access to classified information and/or to place him on paid administrative leave after reversing the removal constitutes discrimination and retaliation.  *E.g.*, CPFR File, Tab 1 at 3, 5, 14, 16, 19-20, Tab 4 at 2.  For the following reasons, these arguments are unavailing.

¶6        As the administrative judge stated in the compliance initial decision, the Board does not have the authority to review the merits of an agency's decision to suspend an employee's access to classified information.  *Rogers v. Department of Defense*, 122 M.S.P.R. 671,¶ 5 (2015).  In an adverse action appeal based on the denial, revocation, or suspension of a security clearance, the Board will generally review only whether:  (1) the employee's position required a security clearance; (2) the clearance was denied, revoked, or suspended; and (3) the employee was provided with the procedural protections specified in 5 U.S.C. § 7513.  *Rogers*, 122 M.S.P.R. 671,¶ 5.  Here, however, the underlying removal action was not based on the denial, revocation, or suspension of his access to classified information.  Moreover, the Board is authorized to enforce compliance only with orders issued under its adjudication authority.  5 U.S.C. § 1204(a)(2).  We are not persuaded that the Board's final decision in the removal appeal authorizes the Board to review the agency's earlier decision to suspend his access to classified information.

¶7        Having found that we are unable to review the agency's decision to suspend the appellant's access to classified information, we may briefly address his remaining arguments.  We discern no error with the administrative judge's conclusion that the appellant was not entitled to additional back pay from the effective date of his removal because his access to classified information had been previously suspended and he was unavailable to perform his duties.  *See*

---

[3] The appellant does not appear to challenge the administrative judge's conclusion that the agency canceled the removal action and paid him more than $15,000.00 in back pay. CID at 3.  We do not disturb this conclusion on review.

*White v. Department of the Army*, No. 2007-3135, 2007 WL 2914536 at \*3 (Fed. Cir. Oct. 5, 2007) (finding that, "for the period between October 15, 2004 and the date White's security clearance was restored[,] White was 'unavailable for the performance of his . . . duties' because he did not satisfy a necessary condition to perform his duties, i.e., possess a valid security clearance");[4] *see also* 5 C.F.R. § 550.805(c)(2) ("[I]n computing the amount of back pay under [5 U.S.C. § 5596], an agency may not include . . . [a]ny period during which an employee was unavailable for the performance of his or her duties for reasons other than those related to, or caused by, the unjustified or unwarranted personnel action."). We also discern no error with the administrative judge's conclusion that the agency properly placed the appellant on paid administrative leave, instead of returning him to his former position. *See LaBatte v. Department of the Air Force*, 58 M.S.P.R. 586, 594 (1993) (holding that the lack of a security clearance constitutes a compelling reason not to return an employee to his former position).

¶8 We have considered the appellant's assertion that the agency's decision to suspend his access to classified information and to place him on paid administrative leave constitutes discrimination and/or retaliation. However, the Board lacks jurisdiction to adjudicate this claim. *King v. Reid*, 59 F.3d 1215, 1218-19 (Fed. Cir. 1995); *Arredondo v. U.S. Postal Service*, 89 M.S.P.R. 40,¶ 6 n.5 (2001).

¶9 The appellant's petition for review also includes arguments that appear to relate to the first removal action, the indefinite suspension action and related compliance appeals, and a second removal action. *E.g.*, CPFR File, Tab 1 at 5, 8, 12, 15; *see Brown v. Department of Defense*, MSPB Docket Nos. SF-0752-13-0336-I-1, SF-0752-14-0310-I-1, SF-0752-13-0336-C-1,

---

[4] Although *White* is an unpublished decision, the Board may rely on it if it finds the court's reasoning persuasive. *E.g.*, *Herring v. Department of the Navy*, 90 M.S.P.R. 165,¶ 13 n.\* (2001). Given the similarities between this case and *White*, we find the court's reasoning persuasive.

SF-0752-13-0336-C-2, SF-0752-15-0761-I-1. We need not address these arguments in this compliance matter.[5]

¶10 In his motion to submit an additional pleading, the appellant asserts that he received in a separate equal employment opportunity matter an affidavit from the deciding official which reveals that he (the deciding official) did not intend to abide by the Board's final decision in the underlying removal action. CPFR File, Tab 6 at 2. Although the appellant properly does not include a copy of the affidavit with his motion, we believe he is referring to a declaration made under penalty of perjury which he provided to the Board on petition for review in *Brown v. Department of Defense*, MSPB Docket No. SF-0752-13-0336-C-2. In relevant part, the deciding official stated in this declaration that the appellant was not issued a common access card because "the agency had no plans to bring him back to work after reinstatement." Even if we find for the purposes of our analysis that this declaration constitutes "new" evidence, the Board generally will not grant a petition for review based on new evidence absent a showing that it is of sufficient weight to warrant an outcome different from that of the initial decision. *Russo v. Veterans Administration*, 3 M.S.P.R. 345, 349 (1980). Because the agency has removed the appellant, we are not persuaded that the deciding official's statement changes our analysis of the issues raised in this compliance matter.

¶11 We have considered the appellant's remaining arguments, but none warrant a different outcome. We therefore affirm the administrative judge's decision to deny the petition for enforcement.

---

[5] The appellant filed petitions for review in his separate matters, *Brown v. Department of Defense*, MSPB Docket No. SF-0752-13-0336-C-2, and *Brown v. Department of Defense*, MSPB Docket No. SF-0752-15-0761-I-1. The Board issued decisions in those appeals on December 22 and December 29, 2016, respectively.

**NOTICE TO THE APPELLANT REGARDING
YOUR FURTHER REVIEW RIGHTS**

You have the right to request further review of this final decision.

Discrimination Claims:  Administrative Review

You may request review of this final decision on your discrimination claims by the Equal Employment Opportunity Commission (EEOC).  *See* title 5 of the U.S. Code, section 7702(b)(1) (5 U.S.C. § 7702(b)(1)).  If you submit your request by regular U.S. mail, the address of the EEOC is:

Office of Federal Operations
Equal Employment Opportunity Commission
P.O. Box 77960
Washington, D.C. 20013

If you submit your request via commercial delivery or by a method requiring a signature, it must be addressed to:

Office of Federal Operations
Equal Employment Opportunity Commission
131 M Street, NE
Suite 5SW12G
Washington, D.C. 20507

You should send your request to EEOC no later than 30 calendar days after your receipt of this order. If you have a representative in this case, and your representative receives this order before you do, then you must file with EEOC no later than 30 calendar days after receipt by your representative.  If you choose to file, be very careful to file on time.

Discrimination and Other Claims:  Judicial Action

If you do not request EEOC to review this final decision on your discrimination claims, you may file a civil action against the agency on both your discrimination claims and your other claims in an appropriate U.S. district court. *See* 5 U.S.C. § 7703(b)(2).  You must file your civil action with the district court no later than 30 calendar days after your receipt of this order.  If you have a representative in this case, and your representative receives this order before you

do, then you must file with the district court no later than 30 calendar days after receipt by your representative.  If you choose to file, be very careful to file on time.  If the action involves a claim of discrimination based on race, color, religion, sex, national origin, or a disabling condition, you may be entitled to representation by a court-appointed lawyer and to waiver of any requirement of prepayment of fees, costs, or other security.  *See* 42 U.S.C. § 2000e-5(f) and 29 U.S.C. § 794a.


FOR THE BOARD:                    _____
                                  Jennifer Everling
                                  Acting Clerk of the Board

Washington, D.C.