## UNITED STATES OF AMERICA
## MERIT SYSTEMS PROTECTION BOARD

TONYA EVETTE RHODES,
      Appellant,

      v.

DEPARTMENT OF VETERANS
   AFFAIRS,
      Agency.

DOCKET NUMBER
AT-0752-12-0316-X-1

DATE: May 26, 2023

# THIS FINAL ORDER IS NONPRECEDENTIAL[1]

<u>Tonya Evette Rhodes</u>, Seffner, Florida, pro se.

<u>Kristin Langwell</u>, Esquire, and <u>Caroline E. Johnson</u>, Saint Petersburg,
   Florida, for the agency.

### BEFORE

Cathy A. Harris, Vice Chairman
Raymond A. Limon, Member

### FINAL ORDER

¶1      In a December 10, 2013 compliance initial decision, the administrative judge found the agency in noncompliance with the March 15, 2013 initial

---

[1] A nonprecedential order is one that the Board has determined does not add significantly to the body of MSPB case law. Parties may cite nonprecedential orders, but such orders have no precedential value; the Board and administrative judges are not required to follow or distinguish them in any future decisions. In contrast, a precedential decision issued as an Opinion and Order has been identified by the Board as significantly contributing to the Board's case law. *See* 5 C.F.R. § 1201.117(c).

decision[2] reversing the appellant's removal. *Rhodes v. Department of Veterans Affairs*, MSPB Docket No. AT-0752-12-0316-I-1, Tab 48, Initial Decision (I-1 ID); *Rhodes v. Department of Veterans Affairs*, MSPB Docket No. AT-0752-12-0316-C-1, Compliance File, Tab 11, Compliance Initial Decision (C-1 CID). On April 13, 2015, September 25, 2015, July 18, 2016, and April 26, 2022, we issued nonprecedential orders finding the agency in partial compliance with the initial decision. *Rhodes v. Department of Veterans Affairs*, MSPB Docket No. AT-0752-12-0316-X-1, Compliance Referral File (CRF), Tab 5, Tab 12, Tab 30, Tab 46. For the reasons discussed below, we now find the agency in compliance and DISMISS the petition for enforcement.

**DISCUSSION OF ARGUMENTS AND EVIDENCE ON COMPLIANCE**

¶2        On March 15, 2013, the administrative judge issued an initial decision reversing the appellant's removal and requiring the agency to restore her effective February 15, 2012. I-1 ID at 1, 16-17. The decision required the agency to pay her appropriate back pay and benefits. *Id.* As explained in footnote 2, neither party filed a timely petition for review, and thus the initial decision became the final decision of the Board with respect to the appellant's removal.

¶3        Following the appellant's first petition for enforcement,[3] the administrative judge issued a compliance initial decision on December 10, 2013, finding the

---

[2] On March 10, 2021—seven years after issuance of the initial decision, and six and a half years after issuance of the compliance initial decision underlying the instant compliance referral matter—the appellant petitioned for review of the initial decision. *Rhodes v. Department of Veterans Affairs*, MSPB Docket No. AT-0752-12-0316-I-1, Petition for Review File, Tab 1. On April 26, 2022, the Board dismissed her petition for review as untimely filed without good cause for delay. *Rhodes v. Department of Veterans Affairs*, MSPB Docket No. AT-0752-12-0316-I-1, Final Order (Apr. 26, 2022). Thus, the operative decision regarding the appellant's reversed removal remains the March 15, 2013 initial decision.

[3] On March 5, 2021, the appellant filed a second petition for enforcement. *Rhodes v. Department of Veterans Affairs*, MSPB Docket No. AT-0752-12-0316-C-2, Compliance File (C-2 CF), Tab 1. On March 19, 2021, the administrative judge dismissed the petition for enforcement, finding it had been docketed in error. The administrative

agency in noncompliance with the Board's final decision. C-1 CID. The administrative judge held that the agency failed to adequately explain its back pay calculations, including how it calculated the back pay period and interest amounts. C-1 CID at 3-4. The administrative judge further held that the agency failed to provide evidence to show that it made appropriate transfers to the appellant's Thrift Savings Plan account and her Federal Employees' Group Life Insurance. *Id.* Finally, the administrative judge found that the agency admitted it may have erroneously submitted a debt notice to the Office of Personnel Management regarding the appellant's Federal Employees Health Benefits (FEHB) plan and had not provided evidence that it corrected such error. *Id.*

¶4    On January 13, 2014, the agency notified the Board of the compliance actions it had taken pursuant to the compliance initial decision.[4] CRF, Tab 1. There followed a series of Board orders finding the agency noncompliant with its obligations as set forth in the initial decision, culminating in our April 26, 2022 Order, which required the agency to do the following:

---

judge found that the matters raised by the appellant pertained to her first petition for enforcement or her underlying removal appeal, and forwarded the pleadings to the Office of the Clerk of the Board for consideration. C-2 CF, Tab 7, Compliance Initial Decision (C-2 CID). The Clerk of the Board construed the pleadings as a petition for review of the underlying removal appeal, which ultimately was adjudicated as described above in footnote 2. The Clerk of the Board also added the pleadings to the instant compliance referral file as Tab 42, and we address them *infra* to the extent necessary to our decision in this matter.

[4] In the compliance initial decision, the administrative judge informed the agency that, if it decided to take the actions required by the decision, it must submit to the Office of the Clerk of the Board, within the time limit for filing a petition for review under 5 C.F.R. § 1201.114(e), a statement that it had taken the actions identified in the compliance initial decision, along with evidence establishing that it has taken those actions. C-1 CID at 5-6; 5 C.F.R. § 1201.183(a)(6)(i). She also informed the parties of their option to request Board review of the compliance initial decision by filing a petition for review by January 14, 2014, the date on which the findings of noncompliance would become final unless a petition for review was filed. C-1 CID at 6; *see* 5 C.F.R. §§ 1201.114(e), 1201.183(a)(6)(ii), 1201.183(b). Neither party filed an administrative petition for review of the compliance initial decision.

1. Submit evidence that it waived the $74.28 debt it had assessed against the appellant for retirement contributions, along with any interest assessed against the appellant in connection with this debt.

2. Submit evidence that it paid the appellant $4,366.56 to refund her for FEHB premiums erroneously withheld between April 1, 2012, and May 5, 2013 ($198.48 per pay period x 22 pay periods), along with interest, and an explanation of the interest calculations.

CRF, Tab 46 at 5, 7.

¶5   Following this order, both parties filed multiple submissions. For the reasons discussed below, we find the agency has complied with the obligations set forth above and in our April 26, 2022 Order. We reject the appellant's arguments that she is entitled to compensatory damages or attorney fees for work performed in non-MSPB proceedings not related to her prevailing clams before MSPB, and we decline her invitations to consider claims of error she did not timely raise in her late-filed petition for review of the initial decision in her removal appeal.

## ANALYSIS

¶6   When the Board finds a personnel action unwarranted or not sustainable, it orders that the appellant be placed, as nearly as possible, in the situation she would have been in had the wrongful personnel action not occurred. *House v. Department of the Army*, 98 M.S.P.R. 530, ¶ 9 (2005). The agency bears the burden to prove its compliance with a Board order. *Vaughan v. Department of Agriculture*, 116 M.S.P.R. 319, ¶ 5 (2011). An agency's assertions of compliance must include a clear explanation of its compliance actions supported by documentary evidence. *Id.* The appellant may rebut the agency's evidence of compliance by making "specific, nonconclusory, and supported assertions of

continued noncompliance." *Brown v. Office of Personnel Management*, 113 M.S.P.R. 325, ¶ 5 (2010).

Waiver Notice for Debt Generated by Lack of Retirement Contributions

¶7 In our April 13, 2015 Order, we found that the agency satisfactorily explained that the appellant owed a $74.28 debt for retirement contributions that the agency erroneously failed to deduct from her back pay payment. CRF, Tab 5 at 9. However, in our September 25, 2015 Order, we found that the agency had failed to submit evidence that it provided her any applicable notice and opportunity to request waiver of this debt mandated by her collective bargaining agreement. CRF, Tab 12 at 8-9. In our April 26, 2022 Order, we directed the agency to waive this debt and any interest outstanding as a result of the appellant's failure to pay the debt. CRF, Tab 46 at 5.

¶8 On August 2, 2022, the agency filed a submission asserting that it "did waive Appellant's debt on or about June 6, 2022." CRF, Tab 55 at 4. The agency cited as support its Exhibit 1; however, this exhibit is missing from the submission. *Id.* at 2, 4. On January 5, 2023, the agency filed an additional submission asserting that it had waived both the debt and the interest, and included a form appearing to show that these obligations had been waived. CRF, Tab 60 at 4, 5. The appellant did not respond. In view of this evidence, we find the agency in compliance with respect to this debt and any associated interest.

FEHB Premiums Withheld After the Back Pay Period

¶9 In our September 25, 2015 Order, we held that the agency failed adequately to explain whether and how it refunded the $4,366.56 it owed the appellant for FEHB premiums erroneously withheld between April 1, 2012, and May 5, 2013 ($198.48 per pay period x 22 pay periods). CRF, Tab 12 at 9. Although the agency claimed it had credited the full amount to the appellant's outstanding annual leave debt, its documents appeared to show otherwise. *Id.* After considering the agency's explanation for this discrepancy, we found in our

April 26, 2022 Order that the agency had erroneously deducted the $4,366.56 from the appellant's annuity as payment for the appellant's $6,800.63 debt for annual leave (which we previously found to be valid, CRF, Tab 12 at 7-8). CRF, Tab 46 at 6-7. Thus, we found that the agency had erroneously required the appellant to pay $4,366.56 on top of the correctly assessed $6,800.63 debt for annual leave, and we ordered the agency to pay the appellant $4,366.56 plus interest. *Id.* at 7. We explained that the interest calculation should begin from the dates the FEHB premiums were originally withheld and continue to within 30 days of the date the payment was made, pursuant to 5 U.S.C. § 5596(b)(2)(B). *Id.* We further ordered the agency to submit a narrative explanation of its interest calculations and documentary evidence of payment of the principal amount and interest. *Id.*

¶10  The agency's August 2, 2022 submission explained that it paid the appellant the required $4,366.56, plus $2,046.69 in interest, for a total payment of $6,413.25. CRF, Tab 55 at 5. The agency stated that it used the Office of Personnel Management back pay interest calculator, and inputted the entire amount owed to the appellant as if it were owed as of April 1, 2012, the starting date of the first of 22 pay periods for which FEHB premiums were erroneously withheld. CRF, Tab 46 at 7. The agency's evidentiary submission indicates that the start date was actually March 31, 2012—a day earlier than ordered—and that the end date was August 1, 2022, which is consistent with the order to end the interest calculation within 30 days of the date it was paid. *Id.* at 8. The agency included the chart of the changes in interest, automatically calculated by the back pay calculator. *Id.* at 8-10. The agency submitted an additional pleading on October 5, 2022, showing that the above amount was disbursed to appellant on August 9, 2022. CRF, Tab 58 at 4, 6-7.

¶11  We see no errors adverse to the appellant in the agency's calculation— indeed, by crediting the appellant with the full amount of the debt as of March 31, 2012, rather than starting with only the amount actually withheld that pay period

and adding the remaining withholding amounts in the pay periods in which they were originally withheld, it is likely the agency paid the appellant more interest than was required.

¶12     The appellant challenges the agency's explanation of the interest calculation and overall payment of $6,413.25 on the basis that it is less than the $10,000 she states the agency offered her in settlement of this claim.  CRF, Tab 57 at 5.  However, it is well settled that "an unaccepted offer of settlement is ordinarily not admissible evidence to show the existence or extent of liability."  *Special Counsel v. Costello*, 75 M.S.P.R. 562, 609 (1997) (citing *Cheyenne River Sioux Tribe v. United States*, 806 F.2d 1046, 1050 (Fed. Cir. 1986), *reversed on other grounds by Costello v. Merit Systems Protection Board*, 182 F.3d 1372 (Fed. Cir. 1999).  Therefore, that the agency allegedly offered more in settlement than it ultimately paid is irrelevant to whether the agency complied with its obligations.  The appellant further states that the agency's explanation is "convoluted" and "makes no sense," CRF, Tab 57 at 5; but as discussed above, the agency's calculations appear correct or even more generous than required.  Accordingly, we find the agency has complied with its obligation to reimburse the appellant for the FEHB premiums debt, with interest.

Appellant's Remaining Claims

¶13     In various submissions, the appellant raises multiple other claims of noncompliance.  As explained below, these are either outside the scope of our review or non-meritorious, and thus do not bar a finding of compliance.

¶14     The appellant requests attorney fees related to work performed in her equal employment opportunity (EEO) and court cases, both of which concern her disability discrimination claims adjudicated by the Equal Employment Opportunity Commission (EEOC).  CRF, Tab 48 at 7, Tab 49 at 3; *see Rhodes v. Department of Veterans Affairs*, 828 F. App'x 685, 686 (11th Cir 2020) (nonprecedential) (explaining the history of the appellant's EEOC and related

court litigation). The appellant states that she prevailed before the EEOC, and the decision in her Eleventh Circuit case confirms that the EEOC awarded her $30,994.90 in compensatory damages for her disability discrimination claims. CRF, Tab 57 at 5; *Rhodes*, 828 F. App'x at 686. We must deny her request for attorney fees related to these claims, however. The Board generally does not award attorney fees for work performed in other forums unless such work "significantly contribute[d] to" success in the MSPB appeal. *Driscoll v. U.S Postal Service*, 116 M.S.P.R. 662, ¶ 13 (2011); *Sowa v. Department of Veterans Affairs*, 96 M.S.P.R. 408, ¶ 12 (2004) (denying attorney fees for work performed in grievance and EEOC proceedings on issues irrelevant to the appellant's victory before the Board). The appellant prevailed in her original removal appeal solely on the ground that the agency failed to prove the charge under which the agency removed her. I-1 ID at 12. The administrative judge rejected the appellant's affirmative defenses of race discrimination and retaliation based on prior EEO activity. I-1 ID at 14, 15. The appellant's success before EEOC on her disability discrimination claims thus did not contribute (at all, let alone "significantly") to her success in her removal appeal. *Driscoll*, 116 M.S.P.R. 662, ¶13; *see* CRF, Tab 57 at 5 (the appellant concedes this award pertained solely to her EEOC claims); CRF, Tab 59 at 4 (the appellant states she had "an EEO disability and MSPB wrongful termination pending at the same time"). Accordingly, we cannot award attorney fees for this work.[5]

---

[5] However, if the appellant has retained counsel as part of her MSPB compliance matters, she may file a timely motion for attorney fees within 60 days of this Final Order and present argument and evidence related to whether her fees expended in obtaining a favorable compliance decision merit an attorney fee award. 5 C.F.R. § 1201.203(d). Her attorney fee request must be limited to work performed by her counsel in her MSPB compliance matters and must concern work performed for the issue(s) on which she prevailed in her compliance matters. *See Shelton v. Environmental Protection Agency*, 115 M.S.P.R. 177, ¶12 (2010).

¶15     The appellant argues that she alleged disability discrimination claims in her original removal appeal, but that the administrative judge failed to rule on them (while, however, ruling on her race discrimination and retaliation claims).  CRF, Tab 54 at 7.  The appellant's prehearing submission does not list disability discrimination (or race discrimination) among the "statement of issues" she presented before the administrative judge; the sole discrimination-related affirmative defense listed is retaliation for prior EEO activity.  *Rhodes v. Department of Veterans Affairs*, MSPB Docket No. AT-0752-12-0316-I-1, Initial Appeal File, Tab 37 at 3.  Regardless, assuming arguendo that the appellant alleged disability discrimination elsewhere in the record and that the administrative judge therefore erred in not addressing it, the appellant failed to challenge this error through a timely petition for review.  *See Rhodes v. Department of Veterans Affairs*, MSPB Docket No. AT-0752-12-0316-I-1, Final Order (Apr. 26, 2022); *supra* n.2.  We therefore reject her attempt to raise this claim in this compliance proceeding, and confine our consideration and analysis to the compliance issues discussed above.

¶16     We further reject the appellant's related argument that the agency's noncompliance with its obligations as set forth in the original removal decision, compliance initial decision, and subsequent Board decisions constitutes retaliation for the appellant's prior discrimination complaints.  *See* CRF, Tab 54 at 7-8 (arguing that agency's noncompliance constitutes ongoing retaliation under the "continuing violations" theory); CRF, Tab 42 (same).  The sole issue before the Board on a petition for enforcement is whether the agency complied with the Board's prior orders.  5 U.S.C. §1204(a)(2); 5 C.F.R. § 1201.181(a).  In this context, the Board does not adjudicate claims that the alleged noncompliance was discriminatory.  *Arredondo v. U.S. Postal Service*, 89 M.S.P.R. 40, n.5 (2001) (finding that the Board lacks jurisdiction to adjudicate claim that agency's compliance actions constituted "continuing discrimination") (citing *King v. Reid*, 59 F.3d 1215, 1217-19 (Fed. Cir. 1995)).  To the extent the appellant's argument

could be construed as a claim that the agency acted in bad faith throughout this compliance litigation, we deny it. The proceedings have been protracted and the appellant's frustration is understandable, but the procedural history is complex and complicated by the appellant's repeated overlapping filings and litigation in multiple forums. Moreover, a significant portion of the delay is due to the Board's 5-year lack of quorum, which prevented the Board from issuing its April 26, 2022 Order before that date. The agency has complied, in reasonably prompt fashion, with its obligations as set forth in that Order.

¶17     Finally, we deny the appellant's claims for compensatory damages related to her removal (which the original removal decision reversed) and her disability-related EEOC proceedings. CRF, Tab 49 at 3, Tab 57 at 4-5, Tab 59 at 4. The original removal decision and the subsequent compliance decisions did not order compensatory damages, and thus such damages are beyond the scope of this compliance matter. To the extent the appellant seeks compensatory damages in connection with her EEOC proceedings, she would have to file such a claim with EEOC; and indeed, she already has, and received an award of $30,994.90. *Rhodes*, 828 F. App'x at 686. She has litigated this issue to finality, as explained in the Eleventh Circuit's decision, and may not now collaterally attack or reopen it in these compliance proceedings. Although the appellant does not feel fairly compensated for the adversities she has suffered, we find that she has received all the relief to which she is entitled before the Board (with the exception of any potential future meritorious attorney fee claim, as noted above in footnote 5).

¶18     This is the final decision of the Merit Systems Protection Board in this compliance proceeding. Title 5 of the Code of Federal Regulations, section 1201.183(c)(1) (5 C.F.R. § 1201.183(c)(1)).

**NOTICE TO THE APPELLANT REGARDING**
**YOUR RIGHT TO REQUEST**
**ATTORNEY FEES AND COSTS**

You may be entitled to be paid by the agency for your reasonable attorney fees and costs. To be paid, you must meet the requirements set out at Title 5 of the United States Code (5 U.S.C.), sections 7701(g), 1221(g), or 1214(g). The regulations may be found at 5 C.F.R. §§ 1201.201, 1201.202, and 1201.203. If you believe you meet these requirements, you must file a motion for attorney fees and costs WITHIN 60 CALENDAR DAYS OF THE DATE OF THIS DECISION. You must file your motion for attorney fees and costs with the office that issued the initial decision on your appeal.

**NOTICE OF APPEAL RIGHTS[6]**

You may obtain review of this final decision. 5 U.S.C. § 7703(a)(1). By statute, the nature of your claims determines the time limit for seeking such review and the appropriate forum with which to file. 5 U.S.C. § 7703(b). Although we offer the following summary of available appeal rights, the Merit Systems Protection Board does not provide legal advice on which option is most appropriate for your situation and the rights described below do not represent a statement of how courts will rule regarding which cases fall within their jurisdiction. If you wish to seek review of this final decision, you should immediately review the law applicable to your claims and carefully follow all filing time limits and requirements. Failure to file within the applicable time limit may result in the dismissal of your case by your chosen forum.

Please read carefully each of the three main possible choices of review below to decide which one applies to your particular case. If you have questions

---

[6] Since the issuance of the initial decision in this matter, the Board may have updated the notice of review rights included in final decisions. As indicated in the notice, the Board cannot advise which option is most appropriate in any matter.

about whether a particular forum is the appropriate one to review your case, you should contact that forum for more information.

(1) **Judicial review in general**.  As a general rule, an appellant seeking judicial review of a final Board order must file a petition for review with the U.S. Court of Appeals for the Federal Circuit, which must be received by the court within **60 calendar days** of the date of issuance of this decision.  5 U.S.C. § 7703(b)(1)(A).

If you submit a petition for review to the U.S. Court of Appeals for the Federal Circuit, you must submit your petition to the court at the following address:

> U.S. Court of Appeals
> for the Federal Circuit
> 717 Madison Place, N.W.
> Washington, D.C.  20439

Additional information about the U.S. Court of Appeals for the Federal Circuit is available at the court's website, www.cafc.uscourts.gov.  Of particular relevance is the court's "Guide for Pro Se Petitioners and Appellants," which is contained within the court's Rules of Practice, and Forms 5, 6, 10, and 11.

If you are interested in securing pro bono representation for an appeal to the U.S. Court of Appeals for the Federal Circuit, you may visit our website at http://www.mspb.gov/probono for information regarding pro bono representation for Merit Systems Protection Board appellants before the Federal Circuit.  The Board neither endorses the services provided by any attorney nor warrants that any attorney will accept representation in a given case.

(2) **Judicial or EEOC review of cases involving a claim of discrimination**.  This option applies to you only if you have claimed that you were affected by an action that is appealable to the Board and that such action was based, in whole or in part, on unlawful discrimination.  If so, you may obtain

judicial review of this decision—including a disposition of your discrimination claims—by filing a civil action with an appropriate U.S. district court (*not* the U.S. Court of Appeals for the Federal Circuit), within **30 calendar days** after you receive this decision. 5 U.S.C. § 7703(b)(2); *see Perry v. Merit Systems Protection Board*, 582 U.S. 420 (2017). If you have a representative in this case, and your representative receives this decision before you do, then you must file with the district court no later than **30 calendar days** after your representative receives this decision. If the action involves a claim of discrimination based on race, color, religion, sex, national origin, or a disabling condition, you may be entitled to representation by a court-appointed lawyer and to waiver of any requirement of prepayment of fees, costs, or other security. *See* 42 U.S.C. § 2000e-5(f) and 29 U.S.C. § 794a.

Contact information for U.S. district courts can be found at their respective websites, which can be accessed through the link below:

http://www.uscourts.gov/Court_Locator/CourtWebsites.aspx.

Alternatively, you may request review by the Equal Employment Opportunity Commission (EEOC) of your discrimination claims only, excluding all other issues. 5 U.S.C. § 7702(b)(1). You must file any such request with the EEOC's Office of Federal Operations within **30 calendar days** after you receive this decision. 5 U.S.C. § 7702(b)(1). If you have a representative in this case, and your representative receives this decision before you do, then you must file with the EEOC no later than **30 calendar days** after your representative receives this decision.

If you submit a request for review to the EEOC by regular U.S. mail, the address of the EEOC is:

Office of Federal Operations
Equal Employment Opportunity Commission
P.O. Box 77960
Washington, D.C.  20013

If you submit a request for review to the EEOC via commercial delivery or by a method requiring a signature, it must be addressed to:

Office of Federal Operations
Equal Employment Opportunity Commission
131 M Street, N.E.
Suite 5SW12G
Washington, D.C.  20507

**(3) Judicial review pursuant to the Whistleblower Protection Enhancement Act of 2012**.  This option applies to you only if you have raised claims of reprisal for whistleblowing disclosures under 5 U.S.C. § 2302(b)(8) or other protected activities listed in 5 U.S.C. § 2302(b)(9)(A)(i), (B), (C), or (D). If so, and your judicial petition for review "raises no challenge to the Board's disposition of allegations of a prohibited personnel practice described in section 2302(b) other than practices described in section 2302(b)(8), or 2302(b)(9)(A)(i), (B), (C), or (D)," then you may file a petition for judicial review either with the U.S. Court of Appeals for the Federal Circuit or any court of appeals of competent jurisdiction.[7]  The court of appeals must receive your petition for review within **60 days** of the date of issuance of this decision. 5 U.S.C. § 7703(b)(1)(B).

If you submit a petition for judicial review to the U.S. Court of Appeals for the Federal Circuit, you must submit your petition to the court at the following address:

---

[7] The original statutory provision that provided for judicial review of certain whistleblower claims by any court of appeals of competent jurisdiction expired on December 27, 2017.  The All Circuit Review Act, signed into law by the President on July 7, 2018, permanently allows appellants to file petitions for judicial review of MSPB decisions in certain whistleblower reprisal cases with the U.S. Court of Appeals for the Federal Circuit or any other circuit court of appeals of competent jurisdiction. The All Circuit Review Act is retroactive to November 26, 2017.  Pub. L. No. 115-195, 132 Stat. 1510.

U.S. Court of Appeals
for the Federal Circuit
717 Madison Place, N.W.
Washington, D.C.  20439

Additional information about the U.S. Court of Appeals for the Federal Circuit is available at the court's website, www.cafc.uscourts.gov.  Of particular relevance is the court's "Guide for Pro Se Petitioners and Appellants," which is contained within the court's Rules of Practice, and Forms 5, 6, 10, and 11.

If you are interested in securing pro bono representation for an appeal to the U.S. Court of Appeals for the Federal Circuit, you may visit our website at http://www.mspb.gov/probono for information regarding pro bono representation for Merit Systems Protection Board appellants before the Federal Circuit.  The Board neither endorses the services provided by any attorney nor warrants that any attorney will accept representation in a given case.

Contact information for the courts of appeals can be found at their respective websites, which can be accessed through the link below:

http://www.uscourts.gov/Court_Locator/CourtWebsites.aspx.

FOR THE BOARD:                             /s/ for

                                         Jennifer Everling
                                         Acting Clerk of the Board
Washington, D.C.