# UNITED STATES OF AMERICA
## MERIT SYSTEMS PROTECTION BOARD

| | |
|---|---|
| ZYGMUNT PAUL CHOROSZY, JR.,<br>             Appellant,<br><br>      v.<br><br>DEPARTMENT OF HOMELAND<br>  SECURITY,<br>             Agency. | DOCKET NUMBERS<br>PH-315H-16-0458-I-1<br>PH-315H-16-0458-C-1<br><br><br>DATE: April 27, 2022 |

## THIS FINAL ORDER IS NONPRECEDENTIAL[1]

Zygmunt Paul Choroszy, Jr., Newtonville, Massachusetts, pro se.

Carolyn D. Jones, Esquire, Williston, Vermont, for the agency.

Elizabeth Bagby, Dallas, Texas, for the agency.

### BEFORE

Raymond A. Limon, Vice Chair
Tristan L. Leavitt, Member

### FINAL ORDER

¶1     The appellant has filed petitions for review of two initial decisions. The initial decision in MSPB Docket No. PH-315H-16-0458-I-1 dismissed the appellant's appeal of his probationary termination as settled. The initial decision

---

[1]  A nonprecedential order is one that the Board has determined does not add significantly to the body of MSPB case law. Parties may cite nonprecedential orders, but such orders have no precedential value; the Board and administrative judges are not required to follow or distinguish them in any future decisions. In contrast, a precedential decision issued as an Opinion and Order has been identified by the Board as significantly contributing to the Board's case law. *See* 5 C.F.R. § 1201.117(c).

in MSPB Docket No. PH-315H-16-0458-C-1 found the agency in compliance with said agreement. Generally, we grant petitions such as these only in the following circumstances: the initial decision contains erroneous findings of material fact; the initial decision is based on an erroneous interpretation of statute or regulation or the erroneous application of the law to the facts of the case; the administrative judge's rulings during either the course of the appeal or the initial decision were not consistent with required procedures or involved an abuse of discretion, and the resulting error affected the outcome of the case; or new and material evidence or legal argument is available that, despite the petitioner's due diligence, was not available when the record closed. Title 5 of the Code of Federal Regulations, section 1201.115 (5 C.F.R. § 1201.115). After fully considering the filings in these appeals, we JOIN them and conclude that the petitioner has not established any basis under section 1201.115 for granting the petitions for review. Therefore, we DENY the petitions for review. The initial decision issued in MSPB Docket No. PH-315H-16-0458-I-1 is AFFIRMED. Except as expressly MODIFIED to VACATE the administrative judge's findings regarding the validity of the settlement agreement and to include an analysis on the lack of a material breach, we AFFIRM the initial decision in MSPB Docket No. PH-315H-16-0458-C-1.

## BACKGROUND

¶2        On September 8, 2016, the appellant filed an appeal with the Board of his probationary termination from the agency. *Choroszy v. Department of Homeland Security*, MSPB Docket No. PH-315H-16-0458-I-1, Initial Appeal File (IAF), Tab 1. On March 7, 2017, the appellant and the agency executed a settlement agreement resolving the appeal. IAF, Tab 48. The agency, *inter alia*, agreed that within 45 days from the effective date of the settlement agreement, it would change the appellant's termination to a voluntary resignation, expunge his official personnel folder (OPF) of documents concerning the termination, and provide a neutral reference for up to 4 years. *Id.* at 6-7. In exchange, the appellant agreed

to voluntarily resign, not to seek employment or work for the Immigration and Customs Enforcement (ICE) for 4 years, and to waive all claims against the agency up to the effective date of the agreement, including his Board appeal. *Id.* at 4-6. The administrative judge issued an initial decision on March 7, 2017, dismissing the appellant's appeal as settled, as he found that the parties voluntarily entered into the lawful agreement and understood the terms. IAF, Tab 49, Initial Decision (ID) at 1-2. Although not specified in the agreement, the administrative judge entered it into the record for enforcement purposes. IAF, Tab 48 at 4-9; ID at 2.

¶3        On May 12, 2017, the appellant filed a petition for enforcement with the Board's Northeastern Regional Office, claiming that the agency breached the settlement agreement because it did not provide him with a corrected Standard Form 50 (SF-50) reflecting his voluntary resignation within 45 days as required by the settlement agreement. *Choroszy v. Department of Homeland Security*, MSPB Docket No. PH-315H-16-0458-C-1, Compliance File (CF), Tab 1 at 4. In this same pleading, the appellant argued that the settlement agreement was void, as it is against public policy and an adhesion contract. *Id.* at 4-5. The appellant requested that the administrative judge invalidate the agreement and reinstate the appeal of his probationary termination. *Id.* at 5. The administrative judge docketed the MSPB Docket No. PH-315H-16-0458-C-1 appeal as a petition for enforcement and provided the parties the requisite burdens of proof and an opportunity to submit argument and evidence on the matter. CF, Tab 2 at 1-3. In its filing, the agency stated that it was in compliance with all terms of the settlement agreement. CF, Tab 3 at 5-6. The agency explained that, due to technical problems with its personnel/payroll system, it was not able to expunge the appellant's OPF of the termination and generate an updated SF-50 reflecting his resignation until May 8, 2017, which was 17 days beyond the date set in the settlement agreement. CF, Tab 1 at 9, Tab 3 at 5-6. The agency averred that it

did not receive any employment reference inquiries about the appellant prior to May 8, 2017. CF, Tab 3 at 6, 11.

¶4    On July 26, 2017, the administrative judge issued an initial decision in the compliance matter, finding the agency in compliance with the settlement agreement. CF, Tab 8, Compliance Initial Decision (CID) at 1-4. The administrative judge also found that the appellant failed to prove that the settlement agreement was invalid. CID at 5-6. On August 29, 2017, the appellant filed a petition for review of this initial decision. Compliance Petition for Review (CPFR) File, Tab 1. The agency responded in opposition and the appellant filed a reply. CPFR File, Tabs 4-5.

¶5    On March 15, 2018, the Clerk of the Board advised the appellant that it also docketed his petition for enforcement in MSPB Docket No. PH-315H-16-0458-C‑1, filed with the regional office on May 12, 2017, as a petition for review of the initial decision in MSPB Docket No. PH-315H-16-0458-I-1, as he was challenging the validity of the settlement agreement that was the subject of the initial decision in that matter. Petition for Review (PFR) File, Tab 2 at 1-2. The Clerk notified the appellant that his petition for review in MSPB Docket No.PH-315H-16-0458-C-1 concerning the compliance initial decision remained pending. *Id.* at 1 n.1. Because the petition for review in MSPB Docket No. PH-315H-16-458-I-1 appeared untimely filed, the parties were provided an opportunity to present argument and evidence on the issues of timeliness and the merits of the appellant's petition. *Id.* at 1-2. The appellant responded by seeking a waiver of the time limit to file a petition for review, citing medical reasons. PFR File, Tab 3 at 1-2. The agency responded in opposition and the appellant filed a reply. PFR File, Tabs 4-5.

**DISCUSSION OF ARGUMENTS ON REVIEW**

*The two matters pending before the Board are joined.*

¶6 As a preliminary matter, we note that joinder of two or more appeals filed by the same appellant is appropriate when doing so would expedite processing of the cases and not adversely impact the interests of the parties. *Tarr v. Department of Veterans Affairs*, 115 M.S.P.R. 216, ¶ 9 (2010); 5 C.F.R. § 1201.36(a)(2). We find that the appellant's two appeals meet this criterion, and we join them as a result.

*In his compliance initial decision in MSPB Docket No. PH-315H-16-0458-C-1, the administrative judge improperly ruled on the validity of the settlement agreement.*

¶7 In his compliance initial decision in MSPB Docket No. PH-315H-16-0458-C-1, the administrative judge addressed the appellant's claims that the settlement agreement was invalid. CID at 4-6. Such an attack on the validity of a settlement agreement must be made through a petition for review of the initial decision dismissing the appeal as settled. *Virgil v. U.S. Postal Service*, 75 M.S.P.R. 109, 112 (1997); *Mahoney v. Department of Labor*, 56 M.S.P.R. 69, 72 (1992). Thus, the administrative judge erred in addressing the appellant's claim, and the compliance initial decision must be modified to vacate the findings on the validity of the settlement agreement that was the subject of the initial decision in MSPB Docket No. PH-315H-16-0458-I-1. As noted, the Clerk of the Board has docketed the appellant's petition for enforcement in MSPB Docket No. PH-315H-16-0458-C-1 as a petition for review of that initial decision. PFR File, Tab 2. We address that petition for review and the validity of the settlement agreement below.

<u>The initial decision in MSPB Docket No. PH-315H-16-0458-I-1 is affirmed, as the appellant failed to prove that the settlement agreement is invalid.</u> [2]

¶8        In his petition for review of the initial decision in MSPB Docket No. PH 315H-16-0458-I-1, the appellant contends that the Board should invalidate the settlement agreement. PFR File, Tab 1 at 4-5. A party challenging the validity of a settlement agreement bears a heavy burden of showing a basis for invalidation. *Schwartz v. Department of Education*, 113 M.S.P.R. 601, ¶ 8 (2010). A party may challenge the validity of a settlement agreement if he believes it was unlawful, involuntary, or the result of fraud or mutual mistake. *Id.*; *Wadley v. Department of the Army*, 90 M.S.P.R. 148, ¶ 4 (2001). The appellant failed to prove any of these circumstances.

¶9        The appellant first argues that the Board should invalidate the settlement agreement because it is counter to public policy, as it contains a provision barring him from seeking employment or working for ICE for a period of 4 years. PFR File, Tab 1 at 4-5, Tab 5 at 4-5. However, these types of provisions are common in "clean record agreements" and are routinely recognized by the Board as valid. *See, e.g.*, *Thomas v. Department of Housing & Urban Development*, 63 M.S.P.R. 649, 659 (1994) (finding lawful a settlement agreement containing a provision in which the appellant agreed not to apply for certain types of positions in exchange for a clean record and other terms); *Roane v. U.S. Postal Service*, 53 M.S.P.R. 1, 2-3 (1992) (noting that the valid settlement agreement contained a provision barring the appellant from employment with the agency in the future); *Laranang v. Department of the Navy*, 40 M.S.P.R. 233, 236 n.4 (1989) (holding that a provision barring the appellant from seeking or accepting employment with the

---

[2] The Clerk of the Board notified the parties that it appeared that the appellant did not timely file his petition for review of the initial decision in MSPB Docket No. PH-315H-16-0458-I-1. PFR File, Tab 2 at 1-2. Both parties filed pleadings on the issue. PFR File, Tabs 3-4. However, based on the disposition of the appellant's petition for review in that appeal, we need not resolve the issue of whether he established good cause for an untimely filing of his petition for review.

agency for 2 years was a valid part of the agreement).  Contrary to the appellant's position, public policy favors settlement agreements in administrative and civil actions.  *Clay v. Department of the Army*, 47 M.S.P.R. 406, 408 (1991).  The appellant's argument provides no basis to disturb the initial decision's dismissal of his appeal.

¶10        The appellant also argues on review that the settlement agreement should be invalidated because it is an adhesion contract, as the agency was in a position of power and gave him no choice but to sign the agreement or to never again be employed with the Federal Government.  PFR File, Tab 1 at 4.  To establish that a settlement was a result of coercion or duress, a party must prove that he involuntarily accepted the other party's terms, that circumstances permitted no alternative, and that such circumstances were the result of the other party's coercive acts.  *Candelaria v. U.S. Postal Service*, 31 M.S.P.R. 412, 413 (1986).  The record demonstrates that the appellant voluntarily accepted the terms of the agreement, as evidenced by the language of the agreement itself, which states that the parties "entered into it voluntarily and of their own free will, without duress or coercion."  IAF, Tab 48 at 8.  Furthermore, the agreement provides that "[t]he parties acknowledge that they have both participated in the drafting of the terms of this [a]greement."  *Id.*  The agreement also provides that the parties agreed that they had "an opportunity to consult with counsel."  *Id.*

¶11        The appellant had an alternative to the agreement, as he could have continued with the appeal of his termination.  The appellant's contention that if he did not sign the agreement he would not be employable with the Federal Government is not supported by any evidence.  PFR File, Tab 1 at 4, Tab 5 at 3.  The appellant then apparently argues the converse, by stating that entering the agreement has prevented him from all Federal employment.  PFR File, Tab 1 at 4, Tab 5 at 4.  We find unpersuasive the appellant's arguments to invalidate the agreement on these grounds.

¶12     On review, the appellant claims that he involuntarily accepted the terms of the settlement agreement due to the administrative judge's "deep seated favoritism toward the [a]gency," as demonstrated by the administrative judge's failure to rule on the appellant's various motions.  PFR File, Tab 5 at 5.  To prove this allegation, an appellant must present evidence that he involuntarily accepted the terms, that the circumstances presented no alternative, and that the circumstances resulted from the administrative judge's coercive acts.  *Anderson v. Department of the Air Force*, 51 M.S.P.R. 691, 695 (1991).  As explained herein, the evidence establishes that the appellant voluntarily accepted the terms of the agreement and that he had an alternative route that he could have chosen. Further, the administrative judge's failure to issue rulings on the appellant's motions does not rise to the level of coercive conduct that would have forced him to enter into a settlement agreement with the agency.  This claim does not provide a reason to set aside the initial decision.

Despite the modifications to the initial decision in MSPB Docket No. PH-315H-16-C-1, the appellant did not prove that the agency materially breached the settlement agreement.

¶13     The Board retains enforcement authority over settlement agreements that have been entered into its record, independent of any finding of Board jurisdiction over the underlying matter appealed.  *Delorme v. Department of the Interior*, 124 M.S.P.R. 123, ¶ 21 (2017).  In this case, the administrative judge entered the agreement into the record on March 7, 2017, vesting the Board with enforcement authority.  ID at 2.  Accordingly, this petition for enforcement is properly before the Board.

¶14     In the compliance initial decision, the administrative judge determined that the agency was in compliance with the settlement agreement, albeit after missing the deadline.  CID at 3-4.  Specifically, the agency expunged the appellant's OPF of any mention of the termination action on May 8, 2017, or 17 days after the date

contained in the agreement.[3]   CF, Tab 3 at 5-6.   The administrative judge reasoned that because the agency's actions were not in bad faith and the terms of the agreement were fulfilled, there was no showing of noncompliance.   CID at 4.

¶15   Because the agency unquestionably did not timely comply with the terms of the agreement, there must be an assessment of whether such a breach was material in nature.   *Herring v. Department of the Navy*, 90 M.S.P.R. 165, ¶ 11 (2001).   If there is a material breach, the nonbreaching party may elect between rescinding the agreement, enforcing the agreement, or reinstating his appeal. *Wonderly v. Department of the Navy*, 68 M.S.P.R. 529, 532 (1995).   Whether there has been a material breach depends on the extent to which the injured party is deprived of a benefit reasonably expected from the agreement.   *Leeds v. U.S. Postal Service*, 108 M.S.P.R. 113, ¶ 4 (2008).   A breach is material when it relates to a matter of vital importance or goes to the essence of the agreement. *Galloway v. Department of Agriculture*, 110 M.S.P.R. 311, ¶ 7 (2008).   The agency's actions in this instance do not rise to the level of a material breach.

¶16   An integral part of the settlement agreement was for the agency to purge the appellant's OPF of documentation related to the termination action so it would not damage his future employment prospects.   IAF, Tab 48 at 4-9.  Despite the appellant's contention on review, there is no evidence of any prospective employer obtaining records of his termination or contacting the agency prior to May 8, 2017.   CPFR File, Tab 1 at 5-6.   The agency employee charged with handling the appellant's neutral reference submitted a sworn declaration affirming to that effect.   CF, Tab 3 at 11.   Therefore, even considering the agency's 17-day untimely expungement of the appellant's OPF as a breach, it did not adversely impact his future employment potential, an expected benefit of the agreement.   As such, we find that there was no material breach.   *See King v. Department of the Navy*, 178 F.3d 1313 at *2-3 (Fed. Cir. 1999) (Table) (finding

---

[3]The settlement agreement does not include a provision requiring the agency to issue the appellant a copy of his resignation SF-50.  CF, Tab 1 at 7-12.

that a breach of the agency's expungement provision was not material);[4] *Herring*, 90 M.S.P.R. 165, ¶ 15 (finding compliance with the settlement agreement, as the agency's failure to timely request an expungement of documents as outlined in the settlement agreement was not a material breach).

¶17    The appellant argues on review that the administrative judge's supposed bias for the agency while adjudicating the initial appeal led to continued bias in the compliance matter. CPFR File, Tab 1 at 2-3, Tab 5 at 6, 11-12. The appellant lists supposed ex parte communications between the agency and the administrative judge, the lack of rulings on his motions in the initial appeal, and the administrative judge's demeanor on a status call in the initial appeal to support his argument. *Id.* To show bias, an appellant must make a substantial showing of personal bias to overcome to presumption of honesty and integrity that accompanies administrative adjudicators. *Anderson*, 51 M.S.P.R. at 696; *see Bieber v. Department of the Army*, 287 F.3d 1358, 1362-63 (Fed. Cir. 2002) (finding that an administrative judge's conduct during the course of a Board proceeding warrants a new adjudication only if the administrative judge's comments or actions evidence "a deep-seated favoritism or antagonism that would make fair judgment impossible" (quoting *Liteky v. United States*, 510 U.S. 540, 555 (1994)). A review of the record demonstrates no such showing.

¶18    On review, the appellant claims that the agency breached the settlement agreement for partisan political reasons and in retaliation for his reporting sexual harassment. CPFR File, Tab 1 at 3-4. The appellant also alleges that he was sexually harassed and assaulted and battered by an agency attorney. *Id.* at 4-5. Yet, because the appellant's appeal is a petition for enforcement, the Board may only decide whether the agency has breached the agreement entered into the record and may not decide a claim of discrimination that is alleged to be a basis in

---

[4] The Board may rely on unpublished U.S. Court of Appeals for the Federal Circuit decisions if it finds, as here, the reasoning persuasive. *Vores v. Department of the Army*, 109 M.S.P.R. 191, ¶ 21 (2008), *aff'd*, 324 F. App'x 883 (Fed. Cir. 2009).

whole or in part of the agency's noncompliance.  *See King v. Reid*, 59 F.3d 1215, 1218-19 (Fed. Cir. 1995).

¶19 In his petition for review, the appellant takes issue with the agency's responses to his discovery requests and claims that he was not given enough time to raise such issues prior to the issuance of the initial decision.  CPFR File, Tab 1 at 4-5, Tab 5 at 6, 11-12.  The administrative judge granted the appellant's request for discovery on June 12, 2017, and set July 3, 2017, as the closure of discovery date.  CF, Tab 6 at 1.  According to the appellant, he did not receive the agency's response to his discovery requests until July 13, 2017.  CPFR File, Tab 1 at 4.  There is no evidence, however, that he raised the agency's purported delay in responding to discovery with the agency representative, as required by the Board's regulations, and he did not file a motion to compel with the administrative judge.  *See* 5 C.F.R. § 1201.73(c), (d)(3).  These failures preclude the appellant from raising a discovery dispute on review for the first time.  *Boston v. Department of the Army*, 122 M.S.P.R. 577, ¶ 12 (2015).  Even if the appellant had filed a motion to compel below, he has not shown how the information he sought would have changed the result of his appeal.  *See Russell v. Equal Employment Opportunity Commission*, 110 M.S.P.R. 557, ¶ 15 (2009).

¶20 Finally, the appellant's additional arguments on review provide no reason to overturn the overall conclusion of the initial decision in MSPB Docket No. PH-315H-16-0458-C-1, as such arguments relate to the initial decision in MSPB Docket No. PH-315H-16-0458-I-1.  CPFR File, Tab 1 at 21.

## NOTICE OF APPEAL RIGHTS[5]

You may obtain review of this final decision in MSPB Docket No. PH-315H-16-0458-I-1.  5 U.S.C. § 7703(a)(1).  The initial decision in MSPB

---

[5] Since the issuance of the initial decision in this matter, the Board may have updated the notice of review rights included in final decisions.  As indicated in the notice, the Board cannot advise which option is most appropriate in any matter.

Docket No. PH-315H-16-0458-C-1, as supplemented by this Final Order, constitutes the Board's final decision in this matter.  5 C.F.R. § 1201.113.  You may obtain review of this final decision in MSPB Docket No. PH-315H-16-0458-C-1.  5 U.S.C. § 7703(a)(1).  By statute, the nature of your claims determines the time limit for seeking such review and the appropriate forum with which to file.  5 U.S.C. § 7703(b).  Although we offer the following summary of available appeal rights, the Merit Systems Protection Board does not provide legal advice on which option is most appropriate for your situation and the rights described below do not represent a statement of how courts will rule regarding which cases fall within their jurisdiction.  If you wish to seek review of this final decision, you should immediately review the law applicable to your claims and carefully follow all filing time limits and requirements.  Failure to file within the applicable time limit may result in the dismissal of your case by your chosen forum.

Please read carefully each of the three main possible choices of review below to decide which one applies to your particular case.  If you have questions about whether a particular forum is the appropriate one to review your case, you should contact that forum for more information.

**(1) Judicial review in general**.  As a general rule, an appellant seeking judicial review of a final Board order must file a petition for review with the U.S. Court of Appeals for the Federal Circuit, which must be received by the court within **60 calendar days** of the date of issuance of this decision.  5 U.S.C. § 7703(b)(1)(A).

If you submit a petition for review to the U.S. Court of Appeals for the Federal Circuit, you must submit your petition to the court at the following address:

U.S. Court of Appeals
for the Federal Circuit
717 Madison Place, N.W.
Washington, D.C. 20439

Additional information about the U.S. Court of Appeals for the Federal Circuit is available at the court's website, www.cafc.uscourts.gov. Of particular relevance is the court's "Guide for Pro Se Petitioners and Appellants," which is contained within the court's Rules of Practice, and Forms 5, 6, 10, and 11.

If you are interested in securing pro bono representation for an appeal to the U.S. Court of Appeals for the Federal Circuit, you may visit our website at http://www.mspb.gov/probono for information regarding pro bono representation for Merit Systems Protection Board appellants before the Federal Circuit. The Board neither endorses the services provided by any attorney nor warrants that any attorney will accept representation in a given case.

**(2) Judicial or EEOC review of cases involving a claim of discrimination**. This option applies to you only if you have claimed that you were affected by an action that is appealable to the Board and that such action was based, in whole or in part, on unlawful discrimination. If so, you may obtain judicial review of this decision—including a disposition of your discrimination claims—by filing a civil action with an appropriate U.S. district court (*not* the U.S. Court of Appeals for the Federal Circuit), within **30 calendar days** after you receive this decision. 5 U.S.C. § 7703(b)(2); *see Perry v. Merit Systems Protection Board*, 582 U.S. ____ , 137 S. Ct. 1975 (2017). If you have a representative in this case, and your representative receives this decision before you do, then you must file with the district court no later than **30 calendar days** after your representative receives this decision. If the action involves a claim of discrimination based on race, color, religion, sex, national origin, or a disabling condition, you may be entitled to representation by a court‑appointed lawyer and

to waiver of any requirement of prepayment of fees, costs, or other security. *See* 42 U.S.C. § 2000e-5(f) and 29 U.S.C. § 794a.

Contact information for U.S. district courts can be found at their respective websites, which can be accessed through the link below:

http://www.uscourts.gov/Court_Locator/CourtWebsites.aspx.

Alternatively, you may request review by the Equal Employment Opportunity Commission (EEOC) of your discrimination claims only, excluding all other issues. 5 U.S.C. § 7702(b)(1). You must file any such request with the EEOC's Office of Federal Operations within **30 calendar days** after you receive this decision. 5 U.S.C. § 7702(b)(1). If you have a representative in this case, and your representative receives this decision before you do, then you must file with the EEOC no later than **30 calendar days** after your representative receives this decision.

If you submit a request for review to the EEOC by regular U.S. mail, the address of the EEOC is:

Office of Federal Operations
Equal Employment Opportunity Commission
P.O. Box 77960
Washington, D.C. 20013

If you submit a request for review to the EEOC via commercial delivery or by a method requiring a signature, it must be addressed to:

Office of Federal Operations
Equal Employment Opportunity Commission
131 M Street, N.E.
Suite 5SW12G
Washington, D.C. 20507

**(3) Judicial review pursuant to the Whistleblower Protection Enhancement Act of 2012**. This option applies to you only if you have raised claims of reprisal for whistleblowing disclosures under 5 U.S.C. § 2302(b)(8) or other protected activities listed in 5 U.S.C. § 2302(b)(9)(A)(i), (B), (C), or (D). If so, and your judicial petition for review "raises no challenge to the Board's

disposition of allegations of a prohibited personnel practice described in section 2302(b) other than practices described in section 2302(b)(8), or 2302(b)(9)(A)(i), (B), (C), or (D)," then you may file a petition for judicial review either with the U.S. Court of Appeals for the Federal Circuit or any court of appeals of competent jurisdiction.[6] The court of appeals must <u>receive</u> your petition for review within **60 days** of <u>the date of issuance</u> of this decision. 5 U.S.C. § 7703(b)(1)(B).

If you submit a petition for judicial review to the U.S. Court of Appeals for the Federal Circuit, you must submit your petition to the court at the following address:

> U.S. Court of Appeals
> for the Federal Circuit
> 717 Madison Place, N.W.
> Washington, D.C.  20439

Additional information about the U.S. Court of Appeals for the Federal Circuit is available at the court's website, www.cafc.uscourts.gov.  Of particular relevance is the court's "Guide for Pro Se Petitioners and Appellants," which is contained within the court's Rules of Practice, and Forms 5, 6, 10, and 11.

If you are interested in securing pro bono representation for an appeal to the U.S. Court of Appeals for the Federal Circuit, you may visit our website at http://www.mspb.gov/probono for information regarding pro bono representation for Merit Systems Protection Board appellants before the Federal Circuit.  The Board neither endorses the services provided by any attorney nor warrants that any attorney will accept representation in a given case.

---

[6] The original statutory provision that provided for judicial review of certain whistleblower claims by any court of appeals of competent jurisdiction expired on December 27, 2017.  The All Circuit Review Act, signed into law by the President on July 7, 2018, permanently allows appellants to file petitions for judicial review of MSPB decisions in certain whistleblower reprisal cases with the U.S. Court of Appeals for the Federal Circuit or any other circuit court of appeals of competent jurisdiction. The All Circuit Review Act is retroactive to November 26, 2017.  Pub. L. No. 115-195, 132 Stat. 1510.

Contact information for the courts of appeals can be found at their respective websites, which can be accessed through the link below:

http://www.uscourts.gov/Court_Locator/CourtWebsites.aspx.

FOR THE BOARD:        /s/ for
                            Jennifer Everling
                            Acting Clerk of the Board

Washington, D.C.